# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

## NO. 23-1287

———•••○●◯●○•••———

PATRICIA POLIT-BAQUERO,

*Plaintiff-Appellant,*

-against-

WALMART,

*Defendant-Appellee..*

## BRIEF FOR PLAINTIFF-APPELLANT

*An Appeal from the Order of Judgment Entered
In the United States District Court for the District of New
Jersey on January 19, 2023 for Civil Action No. 18-13407*

| | |
|---|---|
| **JOHN J. PISANO, ESQ.** | **HANION DUNN ROBERTSON** |
| 123 North Union Avenue | BY:  ROBERT E. DUNN, ESQ. |
| P.O. Box 705 | 33 Market Street |
| Cranford, New Jersey  07016 | Morristown, New Jersey 07960 |
| (908) 272-3800 | (973) 267-8666 |
| pisanoesq@aol.com | bobdunnesq@gmail.com |

*Attorneys for Plaintiff-Appellant*
PATRICIA POLIT-BAQUERO

**TABLE OF CONTENTS -- BRIEF**

*Page*

TABLE OF AUTHORITIES ................................................................................... iii

I. JURISDICTIONAL STATEMENT ........................................................... 1

    A. Basis for District Court's Jurisdiction ........................................... 1

    B. Basis for Court of Appeals' Jurisdiction ....................................... 1

    C. Timeliness of Appeal ..................................................................... 1

    D. Finality ........................................................................................... 1

II. STATEMENT OF ISSUES PRESENTED FOR REVIEW .............................. 2

III. STATEMENT OF RELATED CASES OR PROCEEDINGS ........................... 3

IV. STATEMENT OF THE CASE .................................................................. 3

    A. Procedural History ......................................................................... 3

    B. Facts of the Case ............................................................................ 4

    C. The District Court's Opinion ......................................................... 4

V. SUMMARY OF ARGUMENT ................................................................. 5

VI. ARGUMENT ............................................................................................. 5

    A. Standard of Review ....................................................................... 5

    B. The District Court erred in granting summary judgment because there is sufficient evidence to create a genuine issue as to whether there was constructive-notice to the defendant-respondent of the slip and fall hazard that resulted in plaintiff-appellant's injuries .......................................................................... 6

        1. The District Court ignored direct video evidence that demonstrated the defendant-respondent's failure to inspect the aisle in which the plaintiff-appellant was injured for at least one hour prior to her slip and fall ............................... 6

|   |   |   |   |
|---|---|---|---|
|   | 2. | Summary was unwarranted as defendant-respondent failed in its duty of care to its invitees........................................... | 7 |
|   | 3. | The lower Court placed an improper burden upon the plaintiff-appellant with regard to summary judgment................... | 7 |
|   | 4. | The burden is on the business owner to discover and eliminate dangerous conditions so that the premises are safe to others............................................................................... | 9 |
| C. | | The District Court's reliance upon Saunders was misplaced ................ | 11 |
| VII. | CONCLUSION............................................................................................... | | 12 |
| CERTIFICATE OF BAR MEMBERSHIP ................................................................. | | | 14 |
| CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(a) AND LOCAL RULE 31.1 ........................... | | | 15 |
| CERTIFICATE OF FILING AND SERVICE ........................................................... | | | 16 |

# TABLE OF AUTHORITIES

**Cases:**

*Bauer v. Nesbitt*, 198 N.J. 601, 615 (2009); *Jerista v. Murray*, 185 N.J. 175, 191 (2005) ................................................................................................ 8, 9

*Brill v. Guardian Life Insurance Company of America*, 142 N.J. 520 ( 1995) ............. 7

*Brown v. Racquet Club of Bricktown*, 95 N.J. 280, 291 (1984) ..................................... 8

*Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 215 (3d Cir. 2015) ............................. 5

*Hopkins v. Fox & Lazo Realtors*, 132 N.J. 426, 447 (1993) ......................................... 9

*Hojnowski v. Vans Skate Park*, 187 N.J. 323, 335 (2006) ............................................. 9

*Massie v. U.S. Dep't of Hous. & Urban Dev.*, 620 F.3d 340, 347 (3d Cir. 2010) ......... 6

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ............................................................................................................... 6

*Nisivoccia v. Glass Gardens, Inc.*, 175 N.J. 559, 563 (2003) .................................... 7, 8

*Saunders v. Wal-Mart Stores Inc.*, No. 21-1941 ...................................................... 5, 11

*Stelluti v. Casapenn Enters., LLC*, 408 N.J. Super. 435, 446 (App. Div.), *certif. granted*, 200 N.J. 502 (2009) ................................................................................ 9

*Stewart v. Rutgers, The State Univ.*, 120 F.3d 426, 431 (3d Cir. 1997) ........................ 6

**Statutes, Rules, Treatises:**

28 U.S.C. § 1291 ............................................................................................................. 1

28 U.S.C. § 1332 ............................................................................................................. 1

Fed.R.Civ.P. § 56(c) ....................................................................................................... 6

*Restatement (Second) of Torts* 343 (1965) ................................................................... 9

## I. JURISDICTIONAL STATEMENT

A.   Basis for District Court's Jurisdiction

The United States District Court for the District of New Jersey exercised subject-matter jurisdiction over the instant discrimination matter pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction).

B.   Basis for Court of Appeals' Jurisdiction

The United States Court of Appeals for the Third Circuit may properly exercise jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291 (final decisions of District Courts) because the Order dismissing the instant action disposed of all claims of the parties and is therefore "final" and appealable for purposes of 28 U.S.C. § 1291.

C.   Timeliness of Appeal

There are no timeliness issues in this appeal. The appeal was filed within thirty (30) days of the District Court's entry of the Order granting summary judgment to the defendant and dismissing the action. The Order of dismissal was dated January 19, 2023 [Appx134]

D.   Finality

The instant appeal is from a final order/judgment disposing of all the parties' claims. See 28 U.S.C. § 1291.

## II. STATEMENT OF ISSUES PRESENTED FOR REVIEW

The Record below clearly demonstrated that constructive notice of the dangerous condition was established. Video footage taken by the defendant-respondent's own surveillance camera was obtained during discovery and documenting that defendant-respondent Walmart's employees did not inspect the aisle where plaintiff slipped and fell for over one hour. Plaintiff contends that timely and regular inspection would have likely resulting in the discovery and clean-up of the liquid substance on the floor and prevented the plaintiff-appellant's fall and resulting personal injuries.

(i) Did the lower Court fail to properly consider the existence of a material issue of triable fact with respect to the issue of constructive notice of the existence of the hazardous condition? YES.

(ii) Did the lower Court fail to address and consider the video footage demonstrating the fact that the defendant and its employees failed to inspect the aisle in which the plaintiff-appellant slipped and fell for over one hour? YES.

(iii) Did the lower Court improperly impose the burden on the plaintiff-appellant to specifically establish the time and place of origin of the offending hazard? YES.

### III.   STATEMENT OF RELATED CASES OR PROCEEDINGS

There are no related cases or proceedings.

### IV.   STATEMENT OF THE CASE

A.   <u>Procedural History</u>

The is an action in negligence based upon a slip and fall in the defendant's store due to a hazardous slippery condition that resulted in serious personal injuries to the plaintiff-appellant. As a result of her fall, the plaintiff-appellant required repair surgery to her left shoulder.

The defendant-respondent removed this case from New Jersey Superior Court, Union County (L-002924-18) on August 31, 2018 [DE#1] and filed its answer at that time [DE#2].

The defendant-respondent thereafter moved for summary judgment on February 5, 2021 and the plaintiff-appellant opposed. After settlement conference, the summary judgment motion was renewed on March 24, 2022 and opposed on March 30, 2021. Oral argument was held on December 8, 2022 before Hon. Esther Salas, U.S.D.C.J. [Appx91]  On January 18, 2023, the lower Court issued her opinion on the record [Appx119] and thereafter entered an order granting summary judgment to the defendant-respondent and dismissing the case on January 19, 2023 [Appx134]

B.      Facts of the Case

On December 10, 2017, plaintiff-appellant Patricia Polit-Baquero was a patron in the defendant-respondent Walmart's retail establishment located at 900 Springfield Road, Union, New Jersey 07083 (the "Premises"). While shopping in an aisle located in the Premises, the plaintiff-appellant was caused to slip and fall due to the presence of water or another imperceptible substance and was thereby caused to sustain severe and permanent personal injuries. Plaintiff-appellant asserts that the defendant was negligent in failing to timely inspect, warn and/or otherwise alleviate the hazardous condition that caused the plaintiff-appellant's fall and resulting in her injuries. In connection with her injury and consequential surgery, plaintiff incurred special damages in excess of $187,000 plus damages for pain and suffering.

C.      The District Court's Opinion

The District Court incorrectly concluded that the asserted hazardous condition, as a matter of law and fact, did not exist for "such a period of time that reasonable attention thereto would have both apprised defendant of the danger to its invitees and led to the remedying thereof…" The lower Court's analysis improperly determined that the plaintiff-appellant could not establish "any facts indicating 'how long the dangerous condition itself was present…'" This despite

4

the fact that the defendant-respondent's own video footage conclusively demonstrated that the aisle in the Premises in which the plaintiff-appellant was injured was not inspected for at least one hour prior to her injury [Appx51] Misapplying the principles laid down in *Saunders v. Wal-Mart Stores Inc.*, No. 21-1941, the lower Court determined that the plaintiff-appellant failed to establish constructive notice.

### V.   SUMMARY OF ARGUMENT

Plaintiff-appellant maintains that constructive notice was clearly established, as a video was obtained during discovery, documenting that defendant, Walmart's employees, did not inspect the aisle where plaintiff slipped and fell, for over an hour. Plaintiff maintains that in the event defendant Walmart's employees did in fact inspect on a minimum of an hourly basis, the hazard would have been alleviated, thereby precluding plaintiff's fall. At the very least, the demonstrated failure to timely inspect raised a triable issue of fact that precluded summary judgment. Under the lower Court's rationale, almost no constructive notice case could ever survive summary judgment.

### VI.   ARGUMENT

#### A.   *Standard of Review*

The Third Circuit Court of Appeals reviews the grant of summary judgment de novo, applying the same standard as the District Court. *Faush v. Tuesday*

*Morning, Inc.*, 808 F.3d 208, 215 (3d Cir. 2015). "Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Massie v. U.S. Dep't of Hous. & Urban Dev.*, 620 F.3d 340, 347 (3d Cir. 2010) (citing Fed.R.Civ.P. 56(c)). The Court is required to examine the evidence of the record in the light most favorable to Plaintiff as the party opposing summary judgment and resolve all reasonable inferences in his favor. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "This standard is applied with added rigor in employment discrimination cases, where intent and credibility are crucial issues." *Stewart v. Rutgers, The State Univ.*, 120 F.3d 426, 431 (3d Cir. 1997).

> **B.	The District Court erred in granting summary judgment because there is sufficient evidence to create a genuine issue as to whether there was constructive-notice to the defendant-respondent of the slip and fall hazard that resulted in plaintiff-appellant's injuries**

1. **The District Court ignored direct video evidence that demonstrated the defendant-respondent's failure to inspect the aisle in which the plaintiff-appellant was injured for at least one hour prior to her slip and fall.**

Plaintiff-appellant satisfied her burden of presenting sufficient evidence of constructive notice. The video footage supplied to the lower Court demonstrated a sufficient time lag from which the trier of fact should have determined whether such time lag was or was not reasonable.

2.   **Summary was unwarranted as defendant-respondent failed in its duty of care to its invitees.**

Summary judgment is only appropriated where the responding party is unable to demonstrate the existence of a disputed issue of fact. *Brill v. Guardian Life Insurance Company of America*, 142 N.J. 520 ( 1995).

The New Jersey Supreme Court has specifically held that business owners owe invitees a duty of reasonable due care to provide a safe environment for doing that which is within the scope of the invitation. *Hopkins vs. Lazo Realtor*, 132 N.J. Super. 426,433 (App. Div. 1993). In *O'Shea vs. Kmart Corp.*, 304 NJ Super.489 (App. Div. 1997), the Appellate Division ruled that the duty of due care requires a business owner to discover and eliminate dangerous conditions and to maintain the premises in a safe condition and to avoid creating conditions that would render the premises unsafe.

The evidentiary record below plainly presented a scenario whereby the fact trier could have determined that the defendant-respondent failed to meet this burden.

3.   **The lower Court placed an improper burden upon the plaintiff-appellant with regard to summary judgment.**

Realistic burdens of proof relevant to summary judgment motions in negligence cases are clearly recognized by applicable authority. *See, e.g., Nisivoccia v. Glass Gardens, Inc.*, 175 N.J. 559, 563 (2003) (the New Jersey

Supreme Court stated that reduced burdens of proof as to negligence apply with respect to constructive notice issues. In this regard, that Court specifically noted that "[d]ropping and spillage…are foreseeable. *Id.*, at 565. This is certainly true in a store like the defendant-respondents that purveys so many liquid items stack on numerous shelves and in various aisles throughout the store.

Moreover, as determined in *Butler vs. Acme Markets*, 89 NJ 270 (1982), it was within the purview of the jury to determine whether a public utility created a dangerous roadway condition without the opinion of experts.

Business owners owe a duty of reasonable care to provide a safe environment to invitees for doing that which is within the scope of the invitation. *Nisivoccia* at 563. As a general rule, this duty requires a business owner to "discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe." *Bauer v. Nesbitt*, 198 N.J. 601, 615 (2009); *Jerista v. Murray*, 185 N.J. 175, 191 (2005); *Nisivoccia*, supra, 175 N.J. at 563. To prove a breach of that duty, an injured plaintiff is ordinarily required to prove that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident. *E.g.*, *Brown v. Racquet Club of Bricktown*, 95 N.J. 280, 291 (1984). However, the Supreme Court has relieved the plaintiff of proving this element "in circumstances in which, as a matter of probability, a dangerous condition is likely to occur as the result of the nature of the

business, the property's condition, or a demonstrable pattern of conduct or incidents." *Nisivoccia*, supra, 175 N.J. at 563. *In such circumstances, the plaintiff is entitled to an inference of negligence and the defendant has the burden of producing "rebutting proof that it had taken prudent and reasonable steps to avoid the potential hazard." Id*. at 563-64.

Here, the plaintiff-appellant met her burden thus enunciated and the defendant-respondent did not. The business owner is considered to be in the best position to control the risk of harm. *Hojnowski v. Vans Skate Park*, 187 N.J. 323, 335 (2006). This application is consistent with the Court's earlier observation of "the salutary effect of shifting the risk of loss" and the costs of preventing harm and "other associated costs of a dangerous activity to those who should be able and are best able to bear them." *Hopkins v. Fox & Lazo Realtors*, 132 N.J. 426, 447 (1993); *Stelluti v. Casapenn Enters., LLC*, 408 N.J. Super. 435, 446 (App. Div.), *certif. granted*, 200 N.J. 502 (2009); *Restatement (Second) of Torts* 343 (1965).

**4.   The burden is on the business owner to discover and eliminate dangerous conditions so that the premises are safe to others.**

A business owner must discover and eliminate dangerous conditions so that the premises are safe to others. *Bauer v. Nesbitt*, 198 N.J. 601, 615 (2009). The video tape from 08/18/18 actually establishes the negligence of defendant. As indicated therein, there is no record of any inspection by an employee of the heavily trafficked aisle leading to the registers, where plaintiff fell. In fact, the video

9

establishes the fact sensitivity in the within matter, as the parties utilizing a cart, in the four minutes preceding the fall, appear to establish the long-term presence of the water, which caused plaintiff's fall.

In support of summary judgment, defendant-respondent seemingly implied that (somehow) the water was the result of the male individual's presence, approximately three feet forward of the location of the fall. In viewing the video, however, the individual whose back is in the video stands at the handle section of the cart, presumably awaiting his female companion, who returns, notices the liquid, resulting in her perhaps alerting the male standing at the handle area of the cart, who then backs up and circumvents the liquid, which should have been detected and alleviated by defendant's personnel who do not appear anywhere, adhering to their duties to inspect and alleviate the presence of a slip and fall hazard.

For one reason or another, defendant would suggest that the liquid, which is the source of the fall, but cannot be visualized in the video, which does not result in a fall by another party before plaintiffs fall somehow exculpates plaintiff, when plaintiff meets her fate at 12:15:45. The video clearly establishes that there is no personnel from within Walmart that rotates through the area of the heavily travelled main aisle, during the hour preceding plaintiffs fall. In the event, an inspection was to have occurred, as required under the above precedent, the liquid would have been cleaned up and plaintiff would not have fallen. As indicated in *Nisivoccia supra.*,

cited in *Prioleau supra*, the court applied the Mode of Operation standard to checkout area, as opposed to remote aisle, containing dry goods, such as cereal etc. The video itself establishes the high traffic nature of the location of plaintiffs fall, the failure to inspect and of course the presence of a hazard, which others were fortunate enough not to have encountered, which might have resulted in their fall, in advance of plaintiff's fall.  Nothing in the record demonstrates that defendant-respondent inspected the subject aisle in any time from remote to the plaintiff-appellant's fall.   unfortunately a liquid was present, the awareness of which can be inferred from the parties that backed away from same in the minutes preceding plaintiffs fall, which resulted in the sum of $187,077.84 in medical expenses and left shoulder surgery, as documented in the above rebuttal statement of facts plus her damages for pain and suffering.

### C. The District Court's reliance upon **Saunders** was misplaced.

In its opinion, the lower Court, relying upon *Saunders v. Wal-Mart Stores Inc.*, asserted that summary judgment was appropriate here because "a reasonable jury could not find that the [defendant-respondent] had constructive notice on its floor" due in party to the "lack of evidence that the water was on the floor for a prolonged period of time." [Appx124].  However, in *Saunders*, there was no video tape that demonstrated, as here, a prolonged period without any visual inspection.

There is no legal precedent that would support a finding of summary judgment under the present facts for the obvious reason that no constructive notice liability claim could ever prevail, since a victim would almost never possess such knowledge in advance and, even if they somehow did, they would then know to avoid the hazard.

## VII. CONCLUSION

For the foregoing reasons, the District Court erred in granting summary judgment to defendant-respondent and this matter should be remanded for further proceedings and trial on the merits.

Dated:     July 3, 2023

Respectfully submitted,

HANLON DUNN ROBERTSON
*Attorneys for Plaintiff-Appellant*

_____

By:  ROBERT E. DUNN, ESQ.
33 Market Street
Morristown, New Jersey 07960
(973) 267-8666
bobdunnesq@gmail.com


JOHN J. PISANO, ESQ.
Cleveland Plaza
123 North Union Avenue, Suite 303
P.O. Box 705
Cranford, New Jersey 07016-0705
(908) 272-3800

12

pisanoesq@aol.com

13

## CERTIFICATE OF BAR MEMBERSHIP

I, ROBERT E. DUNN, certify as follows:

1. I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

2. Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Dated: July 3, 2023

*/s/ Robert E. Dunn*
ROBERT E. DUNN

# CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(a) AND LOCAL RULE 31.1

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify the following: This brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because this brief contains 2,554 words, excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii) of the Federal Rules of Appellate Procedure. This brief complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and the type style requirements of Rule 32(a)(6) of the Federal Rules of Appellate Procedure because this brief has been prepared in a proportionally spaced typeface using the 2010 version of Microsoft Word in 14 point Times New Roman font. This brief complies with the electronic filing requirements of Local Rule 31.1(c) because the text of this electronic brief is identical to the text of the paper copies, and no viruses have been detected.

Dated: July 3, 2023

*/s/ Robert E. Dunn*
ROBERT E. DUNN

## CERTIFICATE OF FILING AND SERVICE

I, Robert E. Dunn, hereby certify pursuant to Fed. R. App. P. 25(d) that, on July 3, 2023, the foregoing Brief and Appendix for Plaintiff- Appellant was filed through the CM/ECF system and served electronically. Unless otherwise noted, seven copies will be filed with the Court within the time provided in the Court's rules via Express Mail.

Dated: July 3, 2023

*/s/ Robert E. Dunn*
ROBERT E. DUNN