# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## NO. 23-1287

PATRICIA POLIT-BAQUERO,

*Plaintiff-Appellant*,

-against-

WALMART,

*Defendant-Appellee*..

## APPELLANT'S APPENDIX

*An Appeal from the Order of Judgment Entered In the United States District Court for the District of New Jersey on January 19, 2023 for Civil Action No. 18-13407*

**JOHN J. PISANO, ESQ.**
123 North Union Avenue
P.O. Box 705
Cranford, New Jersey 07016
(908) 272-3800
pisanoesq@aol.com

**HANION DUNN ROBERTSON**
BY: ROBERT E. DUNN, ESQ.
33 Market Street
Morristown, New Jersey 07960
(973) 267-8666
bobdunnesq@gmail.com

*Attorneys for Plaintiff-Appellant*
PATRICIA POLIT-BAQUERO

# TABLE OF CONTENTS – APPENDIX

*Page*

Civil Docket for Case No. 2:18-cv-13407-ES-JSA1) ........ Appx1

Notice of Motion for Summary Judgment (Feb. 5, 2021) ........ Appx10

Statement of Material Facts (Feb. 5, 2021) ........ Appx12

Brief in Support of Defendant's Motion for Summary Judgment (Feb. 5, 2021) ........ Appx16

Certification of Counsel (Feb. 5, 2021) ........ Appx30

Exh. A -- Summons and Complaint (Aug. 22, 2018) ........ Appx32

Exh. B -- Answer with Affirmative Defenses (Aug. 30, 2018) ........ Appx36

Exh. C -- Customer Incident Report (Aug. 18, 2018) ........ Appx47

Exh. D -- Witness Statement, Ivette Acevedo (Aug. 18, 2018) ........ Appx49

Exh. E -- Security Camera Video Footage (DE#28-8) ........ Appx51

Exh. F -- Composite, Photographs ........ Appx52

Proposed Order ........ Appx57

Certification of Service ........ Appx58

Plaintiff's Statement of Material Facts (Feb. 8, 2021) ........ Appx60

Exh. A -- Operative Report from Surgery Performed on Dec. 28, 2018 ........ Appx66

Letter to Chambers, Cottrell (Feb. 22, 2021) ........ Appx69

Notice of Motion for Summary Judgment (Mar. 24, 2022) ........ Appx78

Affidavit of Counsel, Ronald James R. De La Fuente, Esq. (Mar. 24, 2022) ........ Appx80

Exh. A -- Letter Order [Salas, J.] (Mar. 23, 2022) ........ Appx82

Letter to Chambers, Pisano (Mar. 30, 2022) ........ Appx84

Plaintiff's Response to Defendant's Statement of Material Facts (Feb. 8, 2021) .......... Appx85

Transcript, Oral Argument [Salas, J.] (Dec. 8 2022) .......... Appx91

Transcript of Proceedings [Salas, J.] (Jan. 18, 2023) .......... Appx119

Order Appealed From [Salas, J.] (Jan. 19, 2023) .......... Appx134

Notice of Appeal (Feb. 13, 2023) .......... Appx135

ADMCLOSED,APPEAL,SCHEDO

# U.S. District Court
# District of New Jersey [LIVE] (Newark)
# CIVIL DOCKET FOR CASE #: 2:18-cv-13407-ES-JSA

| | |
|---|---|
| POLIT-BAQUERO v. WALMART<br>Assigned to: Judge Esther Salas<br>Referred to: Magistrate Judge Jessica S. Allen<br>Case in other court: Third Circuit, 23-01287<br>SUPERIOR COURT OF UNION COUNTY, L-002924-18<br>Cause: 28:1441 Notice of Removal- Account Receivable | Date Filed: 08/30/2018<br>Date Terminated: 03/29/2023<br>Jury Demand: Both<br>Nature of Suit: 360 P.I.: Other<br>Jurisdiction: Diversity |

**Arbitrator**

| | | |
|---|---|---|
| **JOHN M. BOYLE**<br>*TERMINATED: 01/03/2022* | represented by | **JOHN M. BOYLE**<br>LINDABURY, MCCORMICK & ESTABROOK, PC<br>53 CARDINAL DRIVE<br>PO BOX 2369<br>WESTFIELD, NJ 07091-2369<br>(908) 233-6800<br>Fax: (908) 233-5078<br>*TERMINATED: 01/04/2022*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **PATRICIA POLIT-BAQUERO** | represented by | **JOHN J. PISANO**<br>123 NORTH UNION AVENUE<br>PO BOX 705<br>CRANFORD, NJ 07016<br>(908) 272-3800<br>Email: pisanoesq@aol.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **WALMART** | represented by | **CHRISTINA M MALAMUT**<br>COTTRELL SOLENSKY, P.A.<br>3 UNIVERSITY PLAZA DRIVE<br>SUITE 500<br>HACKENSACK, NJ 07601<br>732-620-9886<br>Fax: 973-643-1900<br>Email: cmalamut@sobelhan.com |

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MATTHEW D. VODZAK**
FOWER HIRTZEL MCNULTY &
SPAULDING LLC
Three Logan Square
1717 Arch Street, Suite 1310
PHILADELPHIA, PA 19103
215-789-4848
Email: mvodzak@fhmslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**RONALD JAMES RODRIGUEZ DE LA
FUENTE**
RAWLE & HENDERSON LLP
3 UNIVERSITY PLAZA DRIVE
SUITE 500
HACKENSACK, NJ 07601
201-779-3348
Email: RDeLaFuente@cs-njnylawfirm.com
*TERMINATED: 02/27/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**FLOYD G. COTTRELL**
COTTRELL SOLENSKY, P.A.
3 UNIVERSITY PLAZA
SUITE 500
HACKENSACK, NJ 07601
(973) 643-1400
Fax: 973-643-1900
Email: Filings@cs-njnylawfirm.com
*TERMINATED: 02/27/2023*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/31/2018 | 1 | NOTICE OF REMOVAL by WALMART STORES EAST LP from SUPERIOR COURT OF UNION COUNTY, L-002924-18. ( Filing and Admin fee $ 400 receipt number 0312-8994682), filed by WALMART STORES EAST LP. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A, # 3 Certification)(COTTRELL, FLOYD) (Entered: 08/31/2018) |
| 08/31/2018 | 2 | ANSWER to Complaint with JURY DEMAND by WALMART STORES EAST LP. (Attachments: # 1 Statement F.R.C.P. 7.1, # 2 Exhibit A, # 3 Certification Certification of Service)(COTTRELL, FLOYD) (Entered: 08/31/2018) |
| 08/31/2018 | | Judge Esther Salas and Magistrate Judge Joseph A. Dickson added. (eu, ) (Entered: 08/31/2018) |
| 08/31/2018 | | CASE REFERRED to Arbitration. (eu, ) (Entered: 08/31/2018) |
| 09/04/2018 | | CLERK'S QUALITY CONTROL MESSAGE - The case you electronically filed has been processed, however, the following deficiencies were found: Cause of Action modified to |

| | | |
|---|---|---|
| | | 28:1441 Notice of Removal- Account Receivable. Party Information modified to reflect information in caption of State Court Complaint. The Clerk's Office has made the appropriate changes. Please refer to the Attorney Case Opening Guide for processing electronically filed cases. (dam, ) (Entered: 09/04/2018) |
| 12/06/2018 | 3 | ORDER: Initial Conference set for 1/24/2019 at 2:30 PM in Newark - Courtroom 2D before Magistrate Judge Joseph A. Dickson. Signed by Magistrate Judge Joseph A. Dickson on 12/6/18. (jbb) (Entered: 12/06/2018) |
| 12/07/2018 | | Notice of Judicial Preferences. Click here for the Judge's Individual Procedure Requirements. (ps, ) (Entered: 12/07/2018) |
| 01/24/2019 | | Minute Entry for proceedings held before Magistrate Judge Joseph A. Dickson: Initial Pretrial Conference held on 1/24/2019. (jbb) (Entered: 01/24/2019) |
| 01/24/2019 | 4 | PRETRIAL SCHEDULING ORDER: Telephone Status Conference set for 5/16/2019 10:00 AM before Magistrate Judge Joseph A. Dickson. Amended Pleadings due by 5/24/2019. Fact Discovery due by 8/30/2019. Joinder of Parties due by 5/24/2019.;etc. Signed by Magistrate Judge Joseph A. Dickson on 1/24/2019. (ld, ) (Entered: 01/25/2019) |
| 05/06/2019 | 5 | TEXT ORDER: The parties are advised that the telephone status conference scheduled for 5/16/19 is hereby adjourned to 5/15/19 at 10:00 a.m. So Ordered by Magistrate Judge Joseph A. Dickson on 5/6/19. (jbb) (Entered: 05/06/2019) |
| 05/09/2019 | 6 | TEXT ORDER: The parties are advised that the TIME of the telephone status conference set for 5/15/19 has been changed to 2:00 p.m. So Ordered by Magistrate Judge Joseph A. Dickson on 5/9/19. (jbb) (Entered: 05/09/2019) |
| 05/15/2019 | 7 | TEXT ORDER: Due to the failure of the parties to call in for today's scheduled telephone status conference, it is hereby Ordered that the parties submit a joint status letter to the Court by 5/22/19. So Ordered by Magistrate Judge Joseph A. Dickson on 5/15/19. (jbb) (Entered: 05/15/2019) |
| 05/16/2019 | 8 | Letter re 4 Scheduling Order,. (COTTRELL, FLOYD) (Entered: 05/16/2019) |
| 05/20/2019 | 9 | TEXT ORDER: The Court will conduct an in-person Settlement Conference on 9/11/19 at 10:00 a.m. All parties with ACTUAL settlement authority are required to attend. Confidential settlement position letters of five (5) pages or less are to be faxed to Chambers (973-645-4549) on or before 9/6/19. So Ordered by Magistrate Judge Joseph A. Dickson on 5/20/19. (jbb) (Entered: 05/20/2019) |
| 09/12/2019 | 10 | TEXT ORDER: The parties shall file a status report letter on or before 9/18/19. So Ordered by Magistrate Judge Joseph A. Dickson on 9/12/2019. (tjd) (Entered: 09/12/2019) |
| 09/18/2019 | 11 | Letter from Floyd G. Cottrell, Esq. re 4 Scheduling Order,. (COTTRELL, FLOYD) (Entered: 09/18/2019) |
| 09/20/2019 | 12 | TEXT ORDER: The Pretrial Scheduling Order, (ECF No. 4), in this matter is amended as follows: the deadline for completion of fact discovery is extended through and including 10/31/19. All affirmative expert reports shall be delivered on or before 11/26/19. All responsive expert reports shall be delivered on or before 12/30/19. The deadline for completion of expert discovery is extended through and including 1/28/20. The Court will conduct a Telephone Status Conference on 11/13/19 at 11:00 a.m. Counsel for Plaintiff shall kindly coordinate the call to Chambers (973-645-2580) . All other aspects of the Pretrial Scheduling Order remain in effect. So Ordered by Magistrate Judge Joseph A. Dickson on 9/20/19. (jbb) (Entered: 09/20/2019) |
| 10/09/2019 | 13 | TEXT ORDER: The parties are advised that the Telephone Status Conference scheduled for 11/13/19 is hereby adjourned to 11/18/19 at 3:00 p.m. So Ordered by Magistrate Judge |

| | | |
|---|---|---|
| | | Joseph A. Dickson on 10/9/19. (jbb) (Entered: 10/09/2019) |
| 11/14/2019 | 14 | TEXT ORDER: The parties are advised that the TIME of the telephone status conference scheduled for 11/18/19 has been changed to 2:00 p.m. So Ordered by Magistrate Judge Joseph A. Dickson on 11/14/2019. (tjd) (Entered: 11/14/2019) |
| 11/18/2019 | 15 | TEXT ORDER: The parties shall submit a joint status letter to the Court on or before 11/22/19. So Ordered by Magistrate Judge Joseph A. Dickson on 11/18/19. (jbb) (Entered: 11/18/2019) |
| 12/03/2019 | 16 | TEXT ORDER: After the parties failed to attend the 11/18/19 Telephone Conference, the Court required the parties to submit a joint status letter on or before 11/22/19. (ECF No. 15). The parties failed to do so. The parties have now ignored two, consecutive Orders of this Court, and have made it impossible to move this matter forward. If Plaintiff fails to electronically file a status report letter on or before 12/6/19, this Court will recommend that the District Court dismiss this matter as a sanction. So Ordered by Magistrate Judge Joseph A. Dickson on 12/3/19. (jbb) (Entered: 12/03/2019) |
| 07/14/2020 | 17 | Notice of Call for dismissal Pursuant to L.Civ.R. 41.1(a). Motion set for 7/28/2020 before Judge Esther Salas. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (ek) (Entered: 07/14/2020) |
| 07/14/2020 | 18 | Letter from JOHN J. PISANO. (PISANO, JOHN) (Entered: 07/14/2020) |
| 09/18/2020 | 19 | TEXT ORDER: Plaintiff shall submit a status report letter on or before 9/23/20. So Ordered by Magistrate Judge Joseph A. Dickson on 9/18/2020. (tjd) (Entered: 09/18/2020) |
| 09/21/2020 | 20 | STATUS REPORT *John J. Pisano* by All Plaintiffs. (PISANO, JOHN) (Entered: 09/21/2020) |
| 09/22/2020 | 21 | TEXT ORDER: The Court will conduct a telephone status conference on 10/7/20 at 3:00 p.m. The parties are instructed to dial 1-888-684-8852 and enter Access Code 9972150# at the time of the Conference. So Ordered by Magistrate Judge Joseph A. Dickson on 9/22/2020. (tjd) (Entered: 09/22/2020) |
| 09/23/2020 | 22 | STATUS REPORT by WALMART. (MASTROBUONI, KATHERINE) (Entered: 09/23/2020) |
| 10/07/2020 | | Minute Entry for proceedings held before Magistrate Judge Joseph A. Dickson: Telephone Status Conference held on 10/7/2020. (Court Reporter/Recorder: None) (jbb) (Entered: 10/07/2020) |
| 10/07/2020 | 23 | TEXT ORDER: The deadline for completion of fact discovery is extended through and including 11/25/20. The Court will conduct a video settlement conference via the Zoom platform on 12/16/20 at 10:00 a.m. Clients will full settlement authority must participate. The parties shall fax confidential settlement position statements to chambers (973-645-4549) on or before 12/9/20. The Court will provide counsel with connection information in advance of the settlement conference. So Ordered by Magistrate Judge Joseph A. Dickson on 10/7/2020. (tjd) (Entered: 10/07/2020) |
| 12/01/2020 | 24 | TEXT ORDER: The parties are advised that the TIME of the Zoom Video Settlement Conference set for 12/16/20 has been changed to 10:30 a.m. The parties shall use the previously provided Zoom connection information for the Conference. So Ordered by Magistrate Judge Joseph A. Dickson on 12/1/20. (jbb) (Entered: 12/01/2020) |
| 12/16/2020 | | Minute Entry for proceedings held before Magistrate Judge Joseph A. Dickson: Zoom Settlement Conference held on 12/16/2020. (Court Reporter/Recorder: None) (jbb) |

| | | |
|---|---|---|
| | | (Entered: 12/16/2020) |
| 12/28/2020 | 25 | TEXT ORDER: Defendant may file a motion for summary judgment on or before 1/22/21. So Ordered by Magistrate Judge Joseph A. Dickson on 12/28/2020. (tjd) (Entered: 12/28/2020) |
| 01/20/2021 | 26 | Letter from Cottrell Solensky, P.A. Regarding Motion for Summary Judgment Filing. (MALAMUT, CHRISTINA) (Entered: 01/20/2021) |
| 01/21/2021 | 27 | TEXT ORDER: In light of the situation described in counsel's 1/20/21 letter, (ECF No. 26), Defendant's deadline to file a motion for summary judgment is extended through and including 2/5/21. So Ordered by Magistrate Judge Joseph A. Dickson on 1/21/2021. (tjd) (Entered: 01/21/2021) |
| 02/05/2021 | 28 | MOTION for Summary Judgment by WALMART. Responses due by 3/1/2021 (Attachments: # 1 Statement of Material Facts, # 2 Brief in Support, # 3 Certification of Counsel, # 4 Exhibit A (Complaint), # 5 Exhibit B (Defendant's Answer to Complaint), # 6 Exhibit C (Plaintiff's Customer Incident Report), # 7 Exhibit D (Witness Statement), # 8 Exhibit E (Video), # 9 Exhibit F (Photographs), # 10 Text of Proposed Order, # 11 Certificate of Service)(MALAMUT, CHRISTINA) (Entered: 02/05/2021) |
| 02/08/2021 | | Set/Reset Deadlines as to 28 MOTION for Summary Judgment . Motion set for 3/1/2021 before Judge Esther Salas. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (ld, ) (Entered: 02/08/2021) |
| 02/08/2021 | 29 | BRIEF in Opposition filed by PATRICIA POLIT-BAQUERO re 28 MOTION for Summary Judgment (Attachments: # 1 Exhibit Exhibit A)(PISANO, JOHN) (Entered: 02/08/2021) |
| 02/22/2021 | | Case Reassigned to Magistrate Judge Jessica S. Allen. Magistrate Judge Joseph A. Dickson no longer assigned to the case. (jbb) (Entered: 02/22/2021) |
| 02/22/2021 | 30 | REPLY BRIEF to Opposition to Motion filed by WALMART re 28 MOTION for Summary Judgment (MALAMUT, CHRISTINA) (Entered: 02/22/2021) |
| 09/17/2021 | 31 | TEXT ORDER: The Court will hold a telephonic status conference on September 21, 2021, at 3:00 p.m. The Court will follow-up with dial-in instructions. So Ordered by Judge Esther Salas on 9/17/2021. (ek) (Entered: 09/17/2021) |
| 09/21/2021 | 32 | Minute Entry for proceedings held before Judge Esther Salas: Telephone Status Conference held on 9/21/2021. (Court Reporter, Mary Jo Monteleone) (ek) (Entered: 09/21/2021) |
| 09/21/2021 | 33 | TEXT ORDER: The Undersigned will conduct a Settlement Conference by way of Zoom Videoconference on 10/20/21 at 10:00 a.m., and will provide the parties with the connection information in advance. All parties with ACTUAL settlement authority are required to participate. The parties shall fax confidential settlement position papers of five (5) pages or less to Chambers (973-645-4549)    on or before 10/18/21. So Ordered by Magistrate Judge Jessica S. Allen on 9/21/21. (jbb) (Entered: 09/21/2021) |
| 09/29/2021 | 34 | TEXT ORDER: The parties are advised that the TIME of the Settlement Conference by way of Zoom Videoconference set for 10/20/21 has been changed to 12:00 p.m. The Court will provide the parties with the connection information in advance of the Conference. So Ordered by Magistrate Judge Jessica S. Allen on 9/29/21. (jbb) (Entered: 09/29/2021) |
| 10/20/2021 | 35 | PRETRIAL MEMORANDUM by PATRICIA POLIT-BAQUERO. (Attachments: # 1 Exhibit Incident report, # 2 Exhibit Accident scene photograph, # 3 Exhibit Medical records)(PISANO, JOHN) |

| | | |
|---|---|---|
| | | NOTICE TO COUNSEL: Counsel is advised that pursuant to Local Civil Rule 5.3(c)(2), a single, consolidated motion to seal shall be filed within 14 days following the completed briefing of the materials sought to be sealed, or within 14 days following the date on which the last of such materials was filed under temporary seal if the motion is resolved, unless otherwise directed by the Court. (Entered: 10/20/2021) |
| 10/20/2021 | | Minute Entry for proceedings held before Magistrate Judge Jessica S. Allen: Zoom Settlement Conference held on 10/20/2021. Settlement not Reached. (Court Reporter: None) (jbb) (Entered: 10/20/2021) |
| 11/04/2021 | 36 | Order Appointing Arbitrator, HON. JOHN M. BOYLE. Arbitration Hearing set for 12/6/2021 at 09:30 AM via Zoom. Signed by Chief Judge Freda L. Wolfson on 11/4/2021. (jjq, ) (Entered: 11/04/2021) |
| 11/05/2021 | 37 | NOTICE of Appearance by RONALD JAMES RODRIGUEZ DE LA FUENTE on behalf of PATRICIA POLIT-BAQUERO (DE LA FUENTE, RONALD JAMES) (Entered: 11/05/2021) |
| 12/28/2021 | | ARBITRATION AWARD received and filed under seal. Maintained in electronic format on file in the Clerk's Office (NOTICE EMAILED TO PARTIES).(jjq, ) (Entered: 12/28/2021) |
| 01/03/2022 | 38 | REQUEST for Trial De Novo by WALMART(COTTRELL, FLOYD) (Entered: 01/03/2022) |
| 01/03/2022 | 39 | TEXT ORDER: In light of the Arbitration Award received and filed under seal on December 28, 2021, the Court will conduct a Telephone Status Conference before the Undersigned on January 18, 2022 at 3:15 p.m. and provide the Conference Call information in advance. So Ordered by Magistrate Judge Jessica S. Allen on 1/3/22. (jbb) (Entered: 01/03/2022) |
| 01/03/2022 | 40 | Letter from Cottrell Law Group Regarding Correction to 11/5/2021 Notice of Appearance on Behalf of Ronald James R. De La Fuente, Esq.. (Attachments: # 1 Exhibit A (Notice of Appearance))(COTTRELL, FLOYD) (Entered: 01/03/2022) |
| 01/18/2022 | | Minute Entry for proceedings held before Magistrate Judge Jessica S. Allen: Telephone Status Conference held on 1/18/2022. (Court Reporter: None) (jbb) (Entered: 01/18/2022) |
| 01/18/2022 | 41 | TEXT ORDER: As per today's Telephone Status Conference, the Court will conduct a Second Settlement Conference by way of Zoom Videoconference on March 30, 2022 at 11:00 a.m. All parties and party representatives, including insurance adjusters, with ACTUAL settlement authority are required to participate. The parties shall fax updated confidential settlement position papers, if any, of three (3) pages or less to Chambers (973-645-4549)   on or before February 28, 2022. So Ordered by Magistrate Judge Jessica S. Allen on 1/18/22. (jbb) (Entered: 01/18/2022) |
| 03/22/2022 | 42 | Letter from Ronald James R. De La Fuente, Esq., Counsel for Defendant Walmart. (DE LA FUENTE, RONALD JAMES) (Entered: 03/22/2022) |
| 03/23/2022 | 43 | LETTER ORDER; that If Defendant believes that further settlement discussions would be futile, it may reinstate its motion (D.E. No. 28) by filing a new notice of motion for summary judgment, along with an affidavit stating that it will rely on its previously filed brief and supporting documents. that the parties are directed to mail a new copy of the video footage that corresponds to Defendant's Exhibit E (D.E. No. 28-8) to the Undersigned at the following address;etc. Signed by Judge Esther Salas on 3/23/2022. (ld, ). (Entered: 03/23/2022) |
| 03/24/2022 | 44 | MOTION for Summary Judgment by WALMART. Responses due by 4/6/2022 (Attachments: # 1 Affidavit of Counsel)(DE LA FUENTE, RONALD JAMES) (Entered: 03/24/2022) |

| | | |
|---|---|---|
| 03/25/2022 | | Set/Reset Deadlines as to 44 MOTION for Summary Judgment . Motion set for 4/18/2022 before Judge Esther Salas. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (ld, ) (Entered: 03/25/2022) |
| 03/25/2022 | 45 | TEXT ORDER: In response to the Order issued by the Hon. Esther Salas, U.S.D.J. on 3/23/22, (ECF No. 43), and Defendant's reinstated Motion for Summary Judgment, (ECF No. 44), the Settlement Conference scheduled for March 30, 2022 at 11:00 a.m. before the Undersigned is CANCELED. So Ordered by Magistrate Judge Jessica S. Allen on 3/25/22. (jbb) (Entered: 03/25/2022) |
| 03/30/2022 | 46 | RESPONSE to Motion filed by PATRICIA POLIT-BAQUERO re 44 MOTION for Summary Judgment *by JOHN J. PISANO, ESQ*. (Attachments: # 1 Brief Legal Brief) (PISANO, JOHN) (Entered: 03/30/2022) |
| 11/02/2022 | 47 | TEXT ORDER: The Court will hold oral argument on Defendant's motion for summary judgment (D.E. No. 44 ) on December 1, 2022, at 1:00pm. The parties should be prepared to present on (i) the applicability of the mode-of-operation doctrine raised in Plaintiff's opposition (D.E. No. 46 ), particularly in light of Saunders v. Wal-Mart Stores Inc., No. 21-01941, 2022 WL 832050, at *1 (3d Cir. March 21, 2022), and on (ii) the timing of the spill that created the allegedly hazardous condition in this case. So Ordered by Judge Esther Salas on 11/2/2022. (ek) (Entered: 11/02/2022) |
| 11/17/2022 | 48 | TEXT ORDER: In light of the oral argument scheduled for December 1, 2022 on Defendant's motion for summary judgment (D.E. No. 47 ), for docket management purposes only, the Clerk of the Court is directed to administratively terminate the motion (D.E. No. 44 ). So Ordered by Judge Esther Salas on 11/17/2022. (ek) (Entered: 11/17/2022) |
| 11/30/2022 | 49 | TEXT ORDER: The oral argument on Defendant's motion for summary judgment (D.E. No. 44 ) scheduled for tomorrow, December 1, 2022 at 1:00pm is rescheduled to 2:00 pm. So Ordered by Judge Esther Salas on 11/30/2022. (ek) (Entered: 11/30/2022) |
| 12/01/2022 | 52 | Minute Entry for proceedings held before Judge Esther Salas: Status Conference held on 12/1/2022. Oral Argument reset for 12/8/2022 02:30 PM in Video Conference before Judge Esther Salas. (Court Reporter, Mary Jo Monteleone (973-645-3833)    ) (ek) (Entered: 12/08/2022) |
| 12/06/2022 | 50 | TEXT ORDER: The oral argument on Defendant's motion for summary judgment (D.E. No. 44 ) has been rescheduled to December 8, 2022 at 2:30 pm. Counsel has been supplied a Zoom invite for the oral argument. So Ordered by Judge Esther Salas on 12/6/2022. (ps) (Entered: 12/06/2022) |
| 12/08/2022 | 51 | TEXT ORDER:The oral argument scheduled for December 8, 2022 at 2:30 PM has been rescheduled to 3:30 PM. The parties will receive a new zoom link. So Ordered by Judge Esther Salas on 12/8/22. (cm, ) (Entered: 12/08/2022) |
| 12/08/2022 | 53 | Minute Entry for proceedings held before Judge Esther Salas: Zoom Oral Argument held on 12/8/2022 re 44 MOTION for Summary Judgment filed by WALMART. (Court Reporter, Mary Jo Monteleone (973-645-3833)    ) (cm, ) (Entered: 12/09/2022) |
| 01/12/2023 | 54 | Transcript of Oral Argument held on December 8, 2022, before Judge Esther Salas. Court Reporter: Mary Jo Monteleone (973-645-3833)    . **NOTICE REGARDING (1) REDACTION OF PERSONAL IDENTIFIERS IN TRANSCRIPTS AND (2) MOTION TO REDACT AND SEAL:** The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this Transcript to comply with |

| | | |
|---|---|---|
| | | Fed.R.Civ.P.5.2(a) (personal identifiers). Parties seeking to redact and seal this Transcript, or portions thereof, pursuant to L.Civ.R. 5.3(g) must e-file a Motion to Redact and Seal utilizing the event `Redact and Seal Transcript/Digital Recording`. Redaction Request to Court Reporter due, but not filed, by 2/2/2023. Redacted Transcript Deadline set for 2/14/2023. Release of Transcript Restriction set for 4/12/2023. (adc) (Entered: 01/12/2023) |
| 01/18/2023 | 55 | Minute Entry for proceedings held before Judge Esther Salas: Opinion on the Defendant's Motion for Summary Judgment (D.E. No. 44 ) read into the record on 1/18/2023. (Court Reporter, Mary Jo Monteleone (973-645-3833) ) (ek) (Entered: 01/18/2023) |
| 01/18/2023 | 56 | Transcript of Opinion held on January 18, 2023, before Judge Esther Salas. Court Reporter: Mary Jo Monteleone (973-645-3833) . **NOTICE REGARDING (1) REDACTION OF PERSONAL IDENTIFIERS IN TRANSCRIPTS AND (2) MOTION TO REDACT AND SEAL:** The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this Transcript to comply with Fed.R.Civ.P.5.2(a) (personal identifiers). Parties seeking to redact and seal this Transcript, or portions thereof, pursuant to L.Civ.R. 5.3(g) must e-file a Motion to Redact and Seal utilizing the event `Redact and Seal Transcript/Digital Recording`. Redaction Request to Court Reporter due, but not filed, by 2/8/2023. Redacted Transcript Deadline set for 2/21/2023. Release of Transcript Restriction set for 4/18/2023. (adc) (Entered: 01/19/2023) |
| 01/19/2023 | 57 | ORDER that Defendant's motion for summary judgment (D.E. No. 44) is GRANTED. Signed by Judge Esther Salas on 1/19/2023. (ld, ) (Entered: 01/19/2023) |
| 02/13/2023 | 58 | NOTICE OF APPEAL by PATRICIA POLIT-BAQUERO. Filing fee $ 505, receipt number ANJDC-14026380. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. Appeal Record due by 2/16/2023. (Attachments: # 1 Exhibit 01/19/23 Order)(PISANO, JOHN) (Entered: 02/13/2023) |
| 02/21/2023 | 59 | USCA Case Number 23-1287 for 58 Notice of Appeal (USCA), filed by PATRICIA POLIT-BAQUERO. USCA Case Manager James King (Document Restricted - Court Only) (ca3pdb, ) (Entered: 02/21/2023) |
| 02/27/2023 | 60 | Substitution of Attorney - Attorney FLOYD G. COTTRELL and RONALD JAMES RODRIGUEZ DE LA FUENTE terminated. Attorney MATTHEW D. VODZAK for WALMART added.. (Attachments: # 1 Certificate of Service)(VODZAK, MATTHEW) (Entered: 02/27/2023) |
| 03/29/2023 | 61 | TEXT ORDER: The Clerk of Court is directed to ADMINISTRATIVELY TERMINATE this matter while the appeal of Docket Entry No. 57 is pending. (D.E. Nos. 58 & 59 ). The parties may request to reopen this matter once the appeal is resolved. So Ordered by Judge Esther Salas on 3/29/2023. (ek) (Entered: 03/29/2023) |
| 03/29/2023 | | ***Civil Case Administratively Terminated. (ek) (Entered: 03/29/2023) |

**PACER Service Center**

**Transaction Receipt**

| | | | |
|---|---|---|---|
| 06/27/2023 21:52:05 | | | |
| **PACER Login:** | Todd_Lewis | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:18-cv-13407-ES-JSA Start date: 1/1/1980 End date: 6/27/2023 |

| **Billable Pages:** | 7 | **Cost:** | 0.70 |
|---|---|---|---|

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**PATRICIA POLIT-BAQUERO,**

**Plaintiff,**

**v.**

**WALMART**

**Defendant.**

**Civil Action No.:**
**2:18-cv-13407-ES-JAD**

**NOTICE OF MOTION FOR SUMMARY JUDGMENT**

**TO: JOHN J. PISANO, ESQ.**
Cleveland Plaza
123 North Union Avenue, Suite 303
P.O. Box 705
Cranford, New Jersey 07016-0705
pisanoesq@aol.com

**C O U N S E L:**

**PLEASE TAKE NOTICE,** that the undersigned attorneys for Defendant Walmart Stores East L.P. (i/p/a “Walmart”) will apply to the above-named Court at Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102, on **March 1, 2021**, or as soon thereafter as counsel may be heard, for an Order granting Summary Judgment against Plaintiff and dismissing Plaintiff’s Complaint. Defendant will rely upon the Brief submitted herewith and the submitted Statement of Material Facts. Additionally, a proposed form of Order is submitted.

**ORAL ARGUMENT**

Defendant requests oral argument if this matter is contested.

**CERTIFICATION**

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**COTTRELL SOLENSKY, P.A.**
*Attorneys for Defendant Walmart Stores East L.P. (i/p/a "Walmart")*

By: [signature]

**Christina M. Malamut, Esq.**
Bar ID: 265682019
3 University Plaza Drive, Suite 500
Hackensack, New Jersey 07601
Phone: (973)643-1400, ext. 12
Fax: (973)643-1900
(Cmalamut@cs-njnylawfirm.com)
**Our File No. 25-18-253**

DATED: February 5, 2021

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**PATRICIA POLIT-BAQUERO,**

**Plaintiff,**

**v.**

**WALMART**

**Defendant.**

**Civil Action No.:**
**2:18-cv-13407-ES-JAD**

**STATEMENT OF MATERIAL FACTS**

Defendant **WALMART STORES EAST L.P.** (i/p/a "Walmart") hereby provide the following Statement of Material Facts:

1. Plaintiff filed a Complaint against Defendant Walmart Stores East L.P. (i/p/a "Walmart") in the Union County Superior Court on August 23, 2018. (See Plaintiff's Complaint attached hereto as **Exhibit A**).

2. On August 31, 2018, Defendant filed an Answer with affirmative defenses in the United States District Court for the District of New Jersey. (See Defendant's Answer attached hereto as **Exhibit B**).

3. Plaintiff alleges that on she was lawfully on the premises known as Walmart located at 900 Springfield Road, Union, New Jersey, when she sustained injury (See **Exhibit A**).

4. Polit-Baquero alleged that she slipped on water and sustained personal injuries due to Defendant, Walmart Stores East L.P.'s ("Walmart") negligence. Id.

5. Although Polit-Baquero stated in her Complaint that the accident occurred on December 10, 2017, during the course of discovery

the accident date was established to be August 18, 2018. **Exhibit C,** Polit-Baquero Customer Incident Report; **Exhibit D,** Walmart Assistant Store Manager Ivette Acevedo Witness Statement.

6. Walmart's security camera footage filmed the entire "action alley" – or heavily trafficked, main aisle – where the incident occurred, and captured the incident on film at exactly 12:15:45 p.m. **Exhibit E,** Walmart security camera video.

7. Walmart's security camera footage began at 11:15 p.m. and ended at 1:14 p.m.; the video captured one hour of footage before the incident and one hour of footage after the incident. Id.

8. During the first 45 minutes of the video, a large number of Walmart customers traverse the area where the accident occurred completely without incident. Id.

9. During the first 45 minutes of the video, there is no indication of any foreign substance being present on the floor. Id.

10. From 12:00 p.m. until 12:11:52 p.m., approximately 12 more customers traversed the exact spot where Polit-Baquero would later slip and fall without incident. Id. For example:

a) At 12:01:01 p.m., a female customer in a pink shirt walks over the area with a shopping cart.

b) At 12:02:15 p.m., another female customer in a black shirt and pink skirt traverses the area with a shopping cart.

c) At 12:03:29 p.m., a male customer in a white shirt, and a female customer in a white shirt, traverse the area with a shopping cart.

d) At 12:04:24 p.m., another female customer in a black shirt traverses the area with a shopping cart.

e) At 12:05:50 p.m., three more customers traverse the area without incident.

f) At 12:06:19 p.m., a male customer and female customer again traverse the area without incident.

g) At 12:07:04 p.m., a male customer in a white shirt and jeans traverses the area without incident.

h) At 12:08:00, a male customer in a white shirt traverses the area without incident.

i) At 12:09:59, a male customer in a maroon shirt traverses the area with a shopping cart without incident.

j) At 12:11:05, a male customer in a black shirt and black pants traverses the area without incident.

k) At 12:11:10, two customers, wearing black shirts, traverse the area without incident. Id.

11. Walmart retained photographs of the spill, taken after the incident. **Exhibit F**, Walmart photographs.

12. All of the customers referred to in Statement of Facts ¶ 7 walked past the incident area without pausing or stopping for an appreciable length of time. Id.

13. At 12:11:52 p.m., a couple ("Male Shopper" and "Female Shopper") approaches the incident area and parks their shopping cart over the incident area, where it will remain for approximately the next four minutes, until 12:15:15, or just 30 seconds before the incident, which occurred at 12:15:45 p.m.

14. At 12:13:44 p.m., the Plaintiff, Polit-Baquero, dressed in a pink shirt and black shorts, traverses the aisle, about a foot to the right of where she would later slip and fall at 12:15:45 p.m. Id. Polit-Baquero walks, without incident, immediately to the right of the Male and Female Shoppers' shopping cart. Id.

15. At 12:14:42 p.m., the Female Shopper returns to the parked cart, and places some products into the cart.

16. At 12:14:58 p.m., the Female Shopper suddenly looks down at the store floor under the right edge of the shopping cart and slides her foot back and forth over the area. Id.

17. At 12:15:04 p.m., the Female Shopper steps away from the cart slightly, but looks down again at an area of the floor under the cart. Id.

18. At approximately 12:15:10 p.m., the couple back the cart away from the incident area and leave the scene. Id.

19. At 12:15:45 p.m., Plaintiff slips and falls in the exact area where the Female Shopper slid her foot back and forth. Id.

20. Polit-Baquero slipped 30 seconds after the Male Shopper and Female Shopper walked away (12:15:10 p.m.). Id.

21. No Walmart associates were in the area from 12:15:10 p.m. to 12:15:45 p.m. Id.

**COTTRELL SOLENSKY, P.A.**
*Attorneys for Defendant Walmart Stores East L.P. (i/p/a "Walmart")*

By: [signature]

**Christina M. Malamut, Esq.**
Bar ID: 265682019
3 University Plaza Drive, Suite 500
Hackensack, New Jersey 07601
Phone: (973)643-1400, ext. 12
Fax: (973)643-1900
(Cmalamut@cs-njnylawfirm.com)
**Our File No. 25-18-253**

DATED: February 5, 2021

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PATRICIA POLIT-BAQUERO,**<br>**Plaintiff,**<br>**v.**<br>**WALMART**<br>**Defendant.** | **Civil Action No.:**<br>**2:18-cv-13407-ES-JAD**<br><br>**NOTICE OF MOTION FOR SUMMARY JUDGMENT** |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**COTTRELL SOLENSKY, P.A.**
Christina M. Malamut | 265682019
3 University Avenue, Suite 500
Hackensack, New Jersey 07601
Phone: (973) 643-1400
Fax: (973) 643-1900
Attorneys for Defendant
Walmart Stores East, L.P.

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES........................................3

LEGAL ARGUMENT..............................................4

I. STANDARD FOR SUMMARY JUDGMENT ............................4

II. SUMMARY JUDGMENT SHOULD BE GRANTED AS PLAINTIFF HAS FAILED TO ESTABLISH A PRIMA FACIE CASE OF NEGLIGENCE AGAINST DEFENDANT WALMART ......................................6

A. PLAINTIFF HAS FAILED TO MEET HER BURDEN TO PROVE WALMART HAD CONSTRUCTIVE NOTICE OF A HAZARDOUS CONDITION ........ 8

III. FEDERAL COURT SITTING IN DIVERSITY MUST APPLY NEW JERSEY SUBSTANTIVE LAW IN ADJUDICATING THIS MATTER............... 12

IV. THERE IS NO GENUINE ISSUE OF MATERIAL FACT AND SUMMARY JUDGMENT SHOULD BE GRANTED IN WALMART'S................... 13

CONCLUSION............................................. 14

# TABLE OF AUTHORITIES

F.R.C.P. 56

R. 4:46

Bowman v. Wal-Mart Stores East, L.P., No. 14-3182, 2015 U.S. Dist LEXIS 16436 (E.D.Pa. Feb. 10, 2015)

Bozza v. Vornado, 42 N.J. 355 (1964)

Brill v. The Guardian Life Ins. Co. of America, 142 N.J. 520 (1995)

Brown v. Racquet Club of Bricktown, 95 N.J. 280 (1984)

Erie R. Co. v. Tompkins, 304 U.S. 64 (1938)

Hopkins v. Fox and Lazo Realtors, 312 N.J. 426 (1993)

Judson v. People's Bank and Trust Co. of Westfield, 17 N.J. 67 (1954)

Nisivoccia v. Glass Gardens, 175 N.J. 559 (2003)

Parker v. McCrory Stores Corp., 376 Pa. 122 (1954)

Prioleau v. Kentucky Fried Chicken, Inc., 223 N.J. 245, 257-258 (N.J. 2015).

Romeo v. Harrah's Atlantic City Propco, LLC, 168 F. Supp. 3d 726 (2016)

Salve Regina College v. Russell, 499 U.S. 225 (1991)

Weinberg v. Dingler, 106 N.J. 469, 484 (1987)

## LEGAL ARGUMENT

### I. STANDARD FOR SUMMARY JUDGMENT

New Jersey Rule 4:46-2(c) allows the entry of summary judgment when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).

It is the initial responsibility of the Court to determine whether there is a genuine issue as to any material fact. Judson v. Peoples Bank and Trust Company of Westfield, 17 N.J. 67, 73, 110 A.2d 24 (1954). The standard in determining whether a Summary Judgment Motion should be granted was set forth by Justice Brennan in Judson:

> The standard of decision governing the grant or denial of a summary judgment emphasize that a party opposing a motion is not to be denied a trial unless the moving party sustains the burden of showing clearly the absence of a genuine issue of material fact. At the same time, the standards are to be applied with discriminating care so as not to defeat a summary judgment if the movant is justly entitled to one. Id. at 74.

The New Jersey Supreme Court further clarified the standard in Brill v. The Guardian Life Ins. Co. of America, 142 N.J. 520 (1995) in stating that:

> Under R. 4:46-2 when deciding summary judgment motions, trial courts are required to engage in the

> same type of evaluation, analysis or sifting of evidential materials as required by R. 4:37-20(b) in light of the burden of persuasion that applies if the matter goes to trial . . . [u]nder this new standard, a determination of whether there exists a "genuine issue" of material fact that precludes summary judgment requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational fact finder to resolve the alleged dispute issue in favor of the non-moving party. Id. at 540.

Under the standard articulated in Brill v. Guardian Life Insurance Co. of America, 142 N.J. 520 (N.J. 1995), the opposing party cannot defeat a motion for summary judgment unless it provides specific facts that show a genuine issue of material fact such that a jury might return a verdict in its favor. Conclusory, unsupported allegations are not sufficient to defend a motion. Moreover, “if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case on which it will bear the burden of proof at trial, summary judgment must be granted.” School Alliance Insurance Fund v. FAMA Construction Co., 353 N.J. Super. 131, 136 (L.D. 2001), aff’d, 353 N.J. Super 1 (A.D. 2002).

Defendant Walmart respectfully submits it is entitled to summary judgment in their favor as a matter of law.

## II. <u>SUMMARY JUDGMENT SHOULD BE GRANTED AS PLAINTIFF HAS FAILED TO ESTABLISH A *PRIMA FACIE* CASE OF NEGLIGENCE AGAINST DEFENDANT WALMART</u>

To successfully pursue a negligence cause of action, a plaintiff must prove (1) the defendant owed a duty of care; (2) defendant breached that duty of care; (3) that the defendant's breach of that duty of care was the proximate cause of the plaintiff's damages; and (4) plaintiff must prove actual damages. *See* <u>Weinberg v. Dingler</u>, 106 N.J. 469, 484 (1987) (citations omitted). Here, Plaintiff alleges that Defendant was negligent for failure to maintain the premises so as to cause a dangerous condition to exist within the store.

Under New Jersey law, "[b]usiness owners owe to invitees a duty of reasonable or due care to provide a safe environment for doing that which is within the scope of the invitation." <u>Nisivoccia v. Glass Gardens, Inc</u>., 175 N.J. 559, 563 (2003). The duty of care to a business invitee includes "an affirmative duty to inspect the premises and 'requires a business owner to discovery and eliminate dangerous conditions, to maintain the premises in a safe condition, and to avoid creating conditions that would render the premises unsafe.'" <u>Troupe v. Burlington Coat Factory Warehouse Corp.</u>, 443 N.J. Super. 596, 601 (App. Div. 2017), citing <u>Nisivoccia</u>, *supra*, 175 N.J. at 563. "Generally, a proprietor's duty to his invitee is one of due care under all the circumstances." <u>Prioleau v. Kentucky Fried Chicken, Inc.</u>, 223 N.J. 245, 257-258 (N.J. 2015).

An invitee seeking to hold a business proprietor liable in negligence "must prove, as an element of the cause of action, that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident." Id.

Owners of premises are generally not liable for injuries caused by defects of which they had no actual or constructive notice and no reasonable opportunity to discover. Nisivoccia at 563. It follows that it is ordinarily the burden of the plaintiff to prove, "as an element of the cause of action, that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident." Ibid. Constructive notice can be inferred in various ways, including the length of time the dangerous condition existed, the physical characteristics of the dangerous condition giving rise to the slip and fall, and eyewitness testimony.

Constructive notice can be imputed to the defendant when the condition existed "for such a length of time as to reasonably have resulted in knowledge and correction" if the defendant had been "reasonably diligent." *See* Parmenter v. Jarvis Drug Stores, Inc., 48 N.J. Super. 507, 510, (App. Div. 1957) (holding a jury could have reasonably imputed constructive notice to the defendant store owner who admitted that wind had been blowing in rain, making the floor wet and slippery for a substantial part of the day). In Tua

v. Modern Homes, Inc., 64 N.J. Super. 211, 220 (App. Div. 1960), the New Jersey Appellate Division held that hot wax that had the time to harden before the plaintiff's injury was enough to impute constructive knowledge. Eyewitness testimony can also infer constructive notice if the witness is able to describe the length of time a condition existed. *See* Grzanka v. Pfeifer, 301 N.J. Super. 563, 574 (App. Div. 1997).

## A. PLAINTIFF HAS FAILED TO MEET HER BURDEN TO PROVE WALMART HAD CONSTRUCTIVE NOTICE OF A HAZARDOUS CONDITION

"Ordinarily an injured plaintiff asserting a breach of that duty must prove, as an element of a cause of action, that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident." Nisivoccia v. Glass Gardens, 818 A. 2d 314 at 316, citing Brown v. Racquet Club of Bricktown, 95 N.J. 280, 291 (1984).

"Where invitees have been injured by a dangerous condition, [New Jersey] cases have stressed the proposition that the proprietor is liable for injuries to an invitee if he actually knew of the dangerous condition or if the condition had existed for such a length of time that he should have known of its presence." Bozza v. Vornado, 42 N.J. 355 at 359 (1964).

The security camera footage demonstrates that no Walmart associates were present in the vicinity where the slip and fall incident occurred. See **Exhibit E**. Thus, the factual record is

devoid of any indication – and Plaintiff does not contend – that Walmart had actual notice of the spill in which Plaintiff slipped upon.

The security camera footage indicates that at least a dozen customers walked over the exact spot where Plaintiff slipped and fell within an eleven (11) minute time frame before the incident. **Exhibit E.** Far more customers traversed the spot, completely without incident, during the one-hour period captured by the security video footage beginning at 11:15 a.m. Id. None of the dozen or so customers to walk over the area from 12:00 p.m. to 12:11:52 p.m. (the time the Male Shopper and Female Shopper arrived at the area) remained stationary at the scene long enough for a spill of the size documented in Walmart's photographs to form. See **Exhibit E** and **Exhibit F.**

At 12:11:52 p.m., a couple ("Male Shopper" and "Female Shopper") approaches the incident area and parks their shopping cart over the incident area, where it will remain for approximately the next four minutes, until 12:15:15 p.m., or just 30 seconds before the incident, which occurred at 12:15:45 p.m.

The Male Shopper and Female Shopper, however, parked their cart directly over the area of incident at 12:11:52 p.m., where it would remain for more than three minutes, until 12:15:15 p.m. **Exhibit E**. The Male Shopper and Female Shopper had a substantial number of products in their cart, sufficient to have been both the

source of the spill and to have partially obscured the spill from view. Id.

At 12:13:44 p.m., Plaintiff herself walked along the aisle, directly to the right of, and adjacent to, the shopping cart parked by the Male Shopper and Female Shopper but did not slip or fall. This indicates that either (1) the spill had not yet formed, or (2) the spill must have been directly underneath the shopping cart. Id.

The Female Shopper's testing the floor under the right edge of the cart at 12:48:58 p.m. and observing the floor under the cart at 12:15:04 p.m. was the first indication in the video of any customer noticing any foreign substance on the floor. Id.

At 12:15:15 p.m., after noticing the spilled water, the Male Shopper and Female Shopper leave the scene, without notifying Walmart personnel or attempting to clean the spill. Id. Up to this time, the cart and products within it blocked view of the spill. Id.

At 12:15:45 p.m., just thirty (30) seconds after the couple leave, Plaintiff, the *first customer* to traverse the area under the shopping cart, slips and falls. Id.

This thirty-second interval is simply too short a period of time from which to find that Walmart had constructive notice of the spilled water.

Courts have held that even four-minute intervals are not sufficiently lengthy to support a finding of constructive notice. *See* Romeo v. Harrah's Atlantic City Propco, LLC, 168 F. Supp. 3d 726 at 732 (D.N.J 2016), stating that, "standing alone," the existence of a dangerous condition for four minutes "…is not enough [time] to establish constructive notice."

The Romeo Court cited Bowman v. Wal-Mart Stores East, L.P., No. 14-3182, 2015 U.S. Dist LEXIS 16436 (E.D.Pa. Feb. 10, 2015). In Bowman, security video footage captured a customer removing an egg carton from her shopping cart at 6:10:33 p.m., an egg yolk on the store floor appearing into view at 6:11:18 p.m., and the plaintiff slipping and falling on the egg yolk at 6:14:17 p.m. (about a four-minute interval). Id. at 3-4. As here, the video did not "show any identifiable Wal-Mart associates or other Wal-Mart staff members walking through the area from the time the spill appears until the accident occurs." Id. at 4.

The Bowman Court found that "[t]he approximately four-minute period between the spill and Bowman's fall is a short duration from which to find constructive notice of a hazard not caused by Wal-Mart." Id. at 12, citing Parker v. McCrory Stores Corp., 376 Pa. 122, 101 A.2d 377, 378 (Pa. 1954). "No Court has ever held that five minutes is sufficient constructive notice of a dangerous condition; to so hold would be to make the defendant an insurer." The Bowman Court found that Walmart had no liability as a matter

of law. Id. at 14.

The security video footage indicates that the spilled water had only been present on the floor, and without a shopping cart blocking view of the water, for thirty seconds, a much shorter duration than the four-minute interval in Romeo, Bowman, and Parker. "Although the evaluation of...constructive notice...is normally a jury question, 'where the evidence adduced requires the jury to resort to conjecture, guess or suspicion, the determination must be made by the Court." Bowman at 11 (internal citations omitted). The factual record definitely establishes that the water had been present on the floor too short a time for Walmart to have constructive notice of the water as a matter of law.

## III. A FEDERAL COURT SITTING IN DIVERSITY MUST APPLY NEW JESREY SUBSTANTIVE LAW IN ADJUDICATING THIS MATTER

"Erie mandates that a federal court sitting in diversity apply the substantive law of the forum State, absent a federal statutory or constitutional directive to the contrary." Salve Regina College v. Russell, 499 U.S. 225 at 226 (1991), citing Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). "Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State." Erie, *supra,* at 78.

Since this matter involves a negligence claim and is not "governed by the Federal Constitution or by Acts of Congress,"

Erie mandates that this Court apply New Jersey substantive law.

## V. THERE IS NO GENUINE ISSUE OF MATERIAL FACT AND SUMMARY JUDGMENT SHOULD BE GRANTED IN WALMART'S

Pursuant to Federal Rule of Civil Procedure 56, "a party may move for summary judgment, identifying each claim or defense or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state the reasons for granting or denying the motion."

New Jersey Court Rule 4:46 tracks the language of the F.R.C.P. 56; pursuant to R. 4:46, an Order granting Summary Judgment "shall be rendered" if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to judgment or order as a matter of law." "An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." Id.

Summary Judgment is "designed to provide a prompt, businesslike, and inexpensive method of disposing any cause of

which a discriminating search of the merits in the pleadings, depositions, and admissions on file, together with the affidavits submitted on the motion clearly shows not to present any genuine issue of material fact requiring disposition at trial." Judson v. People's Bank and Trust Co. of Westfield, 17 N.J. 67 at 74 (1954).

If the Summary Judgment rules are "applied by the courts with discernment and care, the summary judgment procedure, without unjustly depriving a party of trial, can effectively eliminate from crowded court calendars cases in which a trial would serve no useful purpose and cases in which the threat of a trial is used to coerce a settlement." Judson, *supra*, at 77.

**CONCLUSION**

For the foregoing reasons, Walmart respectfully requests Summary Judgment as to all counts in Plaintiff's Complaint.

**COTTRELL SOLENSKY, P.A.**
*Attorneys for Defendant Walmart Stores East L.P. (i/p/a "Walmart")*

By: [signature]
**Christina M. Malamut, Esq.**
Bar ID: 265682019
3 University Plaza Drive, Suite 500
Hackensack, New Jersey 07601
Phone: (973)643-1400, ext. 12
Fax: (973)643-1900
(Cmalamut@cs-njnylawfirm.com)
**Our File No. 25-18-253**

DATED: February 5, 2021

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PATRICIA POLIT-BAQUERO,**<br>**Plaintiff,**<br>**v.**<br>**WALMART**<br>**Defendant.** | **Civil Action No.: 2:18-cv-13407-ES-JAD**<br><br>**CERTIFICATION OF COUNSEL** |

I, **CHRISTINA M. MALAMUT,** of full age, certify that:

1. I am an attorney-at-law, licensed to practice in the United States District Court for the District of New Jersey. I am an associate at Cottrell Solensky, P.A., attorneys for Defendant Walmart Stores East L.P. (i/p/a "Walmart") ("Defendant"). I am fully familiar with the facts and circumstances of the within action based upon the file maintained by our office.

1. I make this Certification in support of Defendant's instant Motion for an Order granting Summary Judgment.

2. Attached hereto as **Exhibit A** is a true and accurate copy of Plaintiff Patricia Poliit-Baquero's ("Plaintiff") Complaint.

3. Attached hereto as **Exhibit B** is a true and accurate copy of Defendant's Answer.

4. Attached hereto as **Exhibit C** is a true and accurate copy of Plaintiff's Customer Incident Report.

5. Attached hereto as **Exhibit D** is a true and accurate copy of Walmart Assistant Store Manager Ivette Acevedo's Witness Statement.

6. Attached hereto as **Exhibit E** is a true and accurate copy of the Walmart Store Surveillance Video.

7. Attached hereto as **Exhibit F** is a true and accurate copy of Walmart Photographs.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

**COTTRELL SOLENSKY, P.A.**
*Attorneys for Defendant Walmart Stores East L.P. (i/p/a "Walmart")*

By: [signature]
**Christina M. Malamut, Esq.**
Bar ID: 265682019
3 University Plaza Drive, Suite 500
Hackensack, New Jersey 07601
Phone: (973)643-1400, ext. 12
Fax: (973)643-1900
(Cmalamut@cs-njnylawfirm.com)
**Our File No. 25-18-253**

DATED: February 5, 2021

# EXHIBIT "A"

**JOHN J. PISANO, ESQ.**
**Attorney ID #: 001021987**
**123 North Union Avenue**
**P.O. Box 705**
**Cranford, New Jersey 07016**
**(908) 272-3800**
**Attorney for Plaintiff(s)**

| | |
|---|---|
| PATRICIA POLIT-BAQUERO<br><br>Plaintiff,<br>Vs.<br><br>WALMART<br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: UNION COUNTY<br>Docket No: UNN-L-2924-18<br>Civil Action<br><br>***SUMMONS*** |

**From The State of New Jersey, To The Defendant(s) Named Above:**

The plaintiff(s), named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, New Jersey, 08625. A filing fee * payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or appearance within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list these numbers is also provided.

JENNIFER M. PEREZ
Clerk of the Superior Court

**DATED: August 22, 2018**

| | |
|---|---|
| Name of Defendant to be served:<br>Addressed of the Defendant to be Served: | ***WALMART,***<br>***900 Springfield Rd,***<br>***Union, NJ 07083*** |

**$105.00 FOR CHANCERY DIVISION CASES OR $110.00 FOR LAW DIVISION CASES**

JOHN J. PISANO, ESQ.
*Attorney ID: 002021987*
123 North Union Avenue
P.O. Box 785
Cranford, New Jersey 07016
(908) 272-3800
Attorney for Plaintiff(s)

PATRICIA POLIT-BAQUERO

Plaintiff,

Vs.

WALMART
Defendant.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: UNION COUNTY
Docket No: UNN-L-~~[illegible]~~ 2924-18
Civil Action

COMPLAINT & JURY DEMAND

Plaintiff, Patricia Polit-Baquero, residing at 1350 North Avenue, Apt. D5, Elizabeth, NJ 07208 by way of complaint against the defendant, Walmart, 900 Springfield Rd, Union, NJ 07083, says:

COUNT ONE

1. On 12/10/17 defendant, Walmart, was the operator of a retail establishment, located at 900 Springfield Rd, Union, NJ 07083.

2. At the same date and time as aforesaid, plaintiff, Patricia Polit-Baquero, was a patron, walking within the aisles, at the aforesaid location, at which time she was caused to slip and fall, due to the presence of water, thereby causing plaintiff to sustain severe and permanent injuries.

3. Defendant, Walmart was negligent in failing to warn and/or alleviate the aforesaid liquid, which posed a hazard to patrons.

4. The Defendant, Walmart, their agents, and/or major employees failed and neglected to provide a safe and proper place for the customers, business invites and/or pedestrians, which was dangerous and unsafe; failed to warn the plaintiff with respect to said dangerous and defective condition and failed to exercise that degree of care and caution required to

keep the aforesaid premises in a safe condition.

5. As a result of the negligence of the Defendant, Walmart, their agents, or one or more of them, as aforesaid, plaintiff, Patricia Polit-Baquero, was caused to sustain severe and permanent injuries including, but not limited to neck, back and has incurred medical expenses as a consequence thereof, did suffer great pain, disability and mental anguish, and because of the permanency of her injuries will also suffer in the future; moreover she was obligated to incur and expend large sums of money for her hospital and medical attention in an attempt to treat and heal herself of the aforesaid injuries; moreover she was obliged to abstain from her usual work and pursuit and was injured and damaged in other aspects.

**WHEREFORE**, plaintiff, Patricia Polit-Baquero, demands judgment against defendant, Walmart, together with lawful interest, costs of suit and attorney's fees and any relief the Court many deem equitable and just.

**DATED:** August 22, 2018

JOHN J. PISANO, ESQ.
Attorney for Plaintiff(s)

# EXHIBIT "B"

Floyd G. Cottrell, Esq.
COTTRELL SOLENSKY, P.A.
550 Broad Street, Suite 1000
Newark, New Jersey 07102
Phone: (973) 643-1400
Fax (973) 643-1900
Attorneys for Defendant, Walmart Stores East, LP i/p/a Walmart

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PATRICIA POLIT-BAQUERO,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WALMART**<br><br>**Defendants.** | **Civil Action No.**<br><br>**2:18-cv-13407**<br><br>**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND** |

Defendant, Walmart Stores East, LP i/p/a Walmart by and through its attorneys, Cottrell Solensky, P.A., by way of Answer to the Complaint states:

**FIRST COUNT**

1. Answering Defendant admits that on December 10, 2017, Walmart Stores East LP i/p/a Walmart operated a retail store located at 900 Springfield Road, Union, New Jersey.

2. Answering Defendant denies the allegations contained in Paragraph 2 of the First Count of the Complaint.

3. Answering Defendant denies the allegations contained in Paragraph 3 of the First Count of the Complaint.

4. Answering Defendant denies the allegations contained in Paragraph 4 of the First Count of the Complaint.

5. Answering Defendant denies the allegations contained in Paragraph 4 of the First Count of the Complaint.

**WHEREFORE**, Answering Defendant, Walmart Stores East, LP i/p/a Walmart, demands judgment dismissing the First Count of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

This Court lacks personal jurisdiction over this answering Defendant by reason of the failure of proper service of process.

**SECOND AFFIRMATIVE DEFENSE**

If Plaintiff sustained injuries as a result of the allegations contained in the Complaint, said injuries were caused, in whole or in part, by the neglect or other fault on the part of others for whose conduct this Defendant is not responsible.

**THIRD AFFIRMATIVE DEFENSE**

Defendant was not placed on actual or constructive notice of the hazardous or dangerous condition alleged in the Complaint and therefore all claims against it must be dismissed.

**FOURTH AFFIRMATIVE DEFENSE**

This action is barred by Plaintiff's negligence being greater than Defendant's alleged negligence, or Plaintiff's damages should be reduced by virtue of Plaintiff's comparative negligence, pursuant to N.J.S.A

**FIFTH AFFIRMATIVE DEFENSE**

Whereas Plaintiff received or is entitled to receive benefits for the injuries allegedly incurred from sources other than a joint tortfeasor, the amount of these benefits (other than worker's compensation benefits or proceeds from a life insurance policy) which duplicate any benefit contained in the award shall be deducted from any award recovered by the Plaintiff, less any premium paid, all in accordance with N.J.S.A. 2A:15-97.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff failed to take reasonable steps to mitigate his damages; Defendant bears no liability for damages which would otherwise have been avoided or prevented.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38 (b) Defendant hereby demands a jury by trial as to all issues.

**COTTRELL SOLENSKY, P.A.**
Attorneys for Defendant Walmart Stores East, LP i/p/a Walmart

By: s/Floyd G. Cottrell
Floyd G. Cottrell, Esq.

Dated: August 30, 2018

Floyd G. Cottrell, Esq.
COTTRELL SOLENSKY, P.A.
550 Broad Street, Suite 1000
Newark, New Jersey 07102
Phone: (973) 643-1400
Fax (973) 643-1900
Attorneys for Defendant, Walmart Stores East, LP i/p/a Walmart

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PATRICIA POLIT-BAQUERO,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WALMART**<br><br>**Defendants.** | **Civil Action No. 2:18-cv-13407**<br><br>**STATEMENT PURSUANT TO F.R.C.P. 7.1** |

Defendant, Walmart Stores East, LP i/p/a Walmart, states as follows as required by F.R.C.P. Rule 7.1:

1. Defendant, Walmart Stores East LP i/p/a Walmart, is an indirect wholly owned subsidiary of Defendant, Walmart Stores, Inc. a publically traded corporation.

2. There is no publicly held corporation that owns 10% or more of the stock of Walmart Stores, Inc.

**COTTRELL SOLENSKY, P.A.**
Attorneys for Defendant
Walmart Stores East, LP i/p/a Walmart

By: s/Floyd G. Cottrell
Floyd G. Cottrell, Esq.

Dated: August 30, 2018

# EXHIBIT A

**JOHN J. PISANO, ESQ.**
**Attorney ID #: 001021987**
**123 North Union Avenue**
**P.O. Box 705**
**Cranford, New Jersey 07016**
**(908) 272-3808**
**Attorney for Plaintiff(s)**

PATRICIA POLIT-BAQUERO

Plaintiff,

Vs.

WALMART
Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: UNION COUNTY
Docket No: UNN-L-2924-18
Civil Action

***SUMMONS***

**From The State of New Jersey, To The Defendant(s) Named Above:**

The plaintiff(s), named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, New Jersey, 08625. A filing fee * payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or appearance within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list these numbers is also provided.

JENNIFER M. PEREZ
Clerk of the Superior Court

DATED: August 22, 2018

Name of Defendant to be served: ***WALMART,***
Addressed of the Defendant to be Served: ***900 Springfield Rd, Union, NJ 07083***

**$105.00 FOR CHANCERY DIVISION CASES OR $110.00 FOR LAW DIVISION CASES**

JOHN J. PISANO, ESQ.
*Attorney ID: 001021987*
123 North Union Avenue
P.O. Box 705
Cranford, New Jersey 07016
(908) 272-3800
Attorney for Plaintiff(s)

PATRICIA POLIT-BAQUERO

Plaintiff,

Vs.

WALMART
Defendant.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: UNION COUNTY
Docket No: UNN-L-~~[illegible]~~ 2924-18
Civil Action

**COMPLAINT & JURY DEMAND**

Plaintiff, Patricia Polit-Baquero, residing at 1350 North Avenue, Apt. D5, Elizabeth, NJ 07208 by way of complaint against the defendant, Walmart, 900 Springfield Rd, Union, NJ 07083, says:

**COUNT ONE**

1. On 12/10/17 defendant, Walmart, was the operator of a retail establishment, located at 900 Springfield Rd, Union, NJ 07083.
2. At the same date and time as aforesaid, plaintiff, Patricia Polit-Baquero, was a patron, walking within the aisles, at the aforesaid location, at which time she was caused to slip and fall, due to the presence of water, thereby causing plaintiff to sustain severe and permanent injuries.
3. Defendant, Walmart was negligent in failing to warn and/or alleviate the aforesaid liquid, which posed a hazard to patrons.
4. The Defendant, Walmart, their agents, and/or major employees failed and neglected to provide a safe and proper place for the customers, business invites and/or pedestrians, which was dangerous and unsafe; failed to warn the plaintiff with respect to said dangerous and defective condition and failed to exercise that degree of care and caution required to

keep the aforesaid premises in a safe condition.

5. As a result of the negligence of the Defendant, Walmart, their agents, or one or more of them, as aforesaid, plaintiff, Patricia Polit-Baquero, was caused to sustain severe and permanent injuries including, but not limited to neck, back and has incurred medical expenses as a consequence thereof, did suffer great pain, disability and mental anguish, and because of the permanency of her injuries will also suffer in the future; moreover she was obligated to incur and expend large sums of money for her hospital and medical attention in an attempt to treat and heal herself of the aforesaid injuries; moreover she was obliged to abstain from her usual work and pursuit and was injured and damaged in other aspects.

**WHEREFORE**, plaintiff, Patricia Polit-Baquero, demands judgment against defendant, Walmart, together with lawful interest, costs of suit and attorney's fees and any relief the Court many deem equitable and just.

**DATED:** August 22, 2018

JOHN J. PISANO, ESQ.
Attorney for Plaintiff(s)

**JURY DEMAND**

The plaintiff hereby demands a trial by jury as to all issues herein.

**DATED:** August 22, 2018

JOHN J. PISANO, ESQ.
Attorney for Plaintiff(s)

**CERTIFICATION OF VERIFICATION**

I represent the plaintiff in the foregoing Complaint. The allegations in the Complaint are true to the best of my knowledge, information and belief.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**DATED:** August 22, 2018

JOHN J. PISANO, ESQ.
Attorney for Plaintiff(s)

**CERTIFICATION OF COUNSEL**

Pursuant to Rule 4:5-1 the undersigned hereby certifies that at the time of the filing this Complaint, the matter in controversy is not the subject of any other action pending in any Court and/or Arbitration proceeding between these parties.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**DATED:** August 22, 2018

JOHN J. PISANO, ESQ.
Attorney for Plaintiff(s)

Floyd G. Cottrell, Esq.
COTTRELL SOLENSKY, P.A.
550 Broad Street, Suite 1000
Newark, New Jersey 07102
Phone: (973) 643-1400
Fax (973) 643-1900
Attorneys for Defendant, Walmart Stores East, LP i/p/a Walmart

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PATRICIA POLIT-BAQUERO,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WALMART**<br><br>**Defendants.** | **Civil Action No. 2:18-cv-13407**<br><br>**CERTIFICATION OF SERVICE AND FILING** |

I, FLOYD G. COTTRELL, an attorney-at-law in New Jersey, certify under penalties of perjury as follows:

1. The foregoing United States District Court Notice of Removal was filed with the Clerk of the United States District Court for the District of New Jersey on August 31, 2018 via ECF.

The Notice of Removal and U.S. District Court Petition of Removal with Exhibits were served via first class mail upon John J. Pisano, Esq., 123 North Union Avenue, P.O. Box 705 Cranford, NJ 07016 on August 31, 2018.

**COTTRELL SOLENSKY, P.A.**
Attorneys for Defendant
WALMART INC.

By: s/Floyd G. Cottrell
Floyd G. Cottrell, Esq.

Dated: August 31, 2018

**EXHIBIT "C"**



# Customer Incident Report

| Facility #: 3292 | Date of Incident: 08/18/18 | Time of Incident: 12:15 am (pm) |
|---|---|---|
| Legal Name: PATRICIA POLIT - BAQUERO | | |
| Date of Birth: 01/29/1960 | SSN: | |
| Mailing Address: 1350 NORTH AVE APT D5 | | |
| City: ELIZABETH | State: NJ | Zip Code: 07208 |
| Home Phone #: (908) | Cell Phone #: (908) 568-1669 | Alternate Phone #: (908) 419-9604 |
| Email Address: EDGPKJB@AOL.COM | | |

**Describe in your own words, the events leading up to the incident:**

MI ESPOSA CAMINABA POR UN PASILLO Y AL LLEGAR A LA ESQUINA HA HABIDO LIQUIDO REGADO EN EL PISO Y MI ESPOSA RESBALÓ Y CAYÓ SOBRE EL CODO IZQ. Y TODO EL PESO ENCIMA QUE LE DEJÓ CON MUCHO DOLOR.

**Identify and describe the location of the incident:**

WALLMART EN FRENTE DEL AREA DE CEREAL EN LA AREA ENTRE #15 Y #16

**List name, address, and phone number of any witness(es) to the incident:**

**Name of associate the incident was reported to and/or other associates in the area:**

associate

Customer Signature: E/BAQUERO [signature] Date: 08/18/18

Management Signature: Ivette Acevedo [signature] Date: 08/18/18

A copy of this statement will be made available to you upon request.

Revised: 02/12/2018

08/24/2018

# EXHIBIT "D"

**TO BE COMPLETED BY FACILITY MANAGEMENT:**

WITS

Name of Person Involved: ______

Date of Incident: ______

Time of Incident: ______

Witness Type (select one):

☐ Associate ☐ Customer ☐ Other: ______

Associate WIN: ______

**WITNESS STATEMENT**

Witness Name: Ivette Acevedo

Witness Address: 900 Springfield Rd Union

Witness Phone Number: 908-684-0644 Alt. Phone: ______

Witness Email: ______

Best time to contact, if needed: 10 Am - 8pm

Describe in detail what you observed: At 12:00 I was Called to food for a Customer incident the Customer was walking out the Food Aisle 16 and walking in the action Alley feel on water. Customer stated that her elbow hurted and wanted to us to Call the ambulance. He husband came to the store and started Recording on his phone. She was also wearing Sandal that were flip-flop

Were there any physical signs of injury? ☒ No ☐ Yes (please describe below)

Customer stated that her Elbow hurt

Witness Signature: [signature] Date: 8-18-18

Revised: 2/1/2018

08/24/2018

# EXHIBIT "E"

**Exhibit "E" is a copy of Defendant Walmart's security camera footage from the incident. A copy of the video footage is being sent on the same date as the e-filed motion to the Court by way of N.J. Laywers Service.**

LINKTO VIDEO

# EXHIBIT "F"

08/24/2018

20180824100121

08/24/2018

08/24/2018

201808241001219

08/24/2018

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**PATRICIA POLIT-BAQUERO,**

**Plaintiff,**

**v.**

**WALMART**

**Defendant.**

**Civil Action No.:**
**2:18-cv-13407-ES-JAD**

**ORDER**

**THIS MATTER** having been brought before the Court on Motion by Cottrell Solensky, P.A., attorneys for Defendant Walmart Stores East L.P. (i/p/a "Walmart") for an Order for Summary Judgment, and the Court having reviewed the moving papers and any opposition thereto; and good cause having been shown,

**IT IS** on this ________ day of ______________, 2021,

**ORDERED** that Summary Judgment is hereby **GRANTED** in favor of Defendant Walmart Stores East L.P. (i/p/a "Walmart") and it is further

**FURTHER ORDERED** that the Plaintiff's Complaint is hereby dismissed with prejudice; and it is

**FURTHER ORDERED** that a copy of the within Order shall be served upon all counsel within seven (7) days of the date hereof.

________________________________

____ Opposed

____ Unopposed

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PATRICIA POLIT-BAQUERO,**<br>**Plaintiff,**<br>**v.**<br>**WALMART**<br>**Defendant.** | **Civil Action No.:**<br>**2:18-cv-13407-ES-JAD**<br><br>**CERTIFICATION OF SERVICE** |

I, Christina M. Malamut, Esq., of full age, certify that:

1. I am an attorney-at-law licensed to practice in the State of New Jersey. I am an associate at Cottrell Solensky, P.A., attorneys for Defendant

2. On February 5, 2021, the original of the within Notice of Motion for Summary Judgment was e-filed with the Clerk of the United States District Court for the District of New Jersey.

3. On February 5, 2021, a copy of the within Notice of Motion was forwarded via e-filing and e-mail to:

**JOHN J. PISANO, ESQ.**
Cleveland Plaza
123 North Union Avenue, Suite 303
P.O. Box 705
Cranford, New Jersey 07016-0705
pisanoesq@aol.com

    I certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

**COTTRELL SOLENSKY, P.A.**
*Attorneys for Defendant Walmart Stores East L.P. (i/p/a "Walmart")*

By: ______________________________
**Christina M. Malamut, Esq.**
Bar ID: 265682019
3 University Plaza Drive, Suite 500
Hackensack, New Jersey 07601
Phone: (973)643-1400, ext. 12
Fax: (973)643-1900
(Cmalamut@cs-njnylawfirm.com)
**Our File No. 25-18-253**

DATED: February 5, 2021

**JOHN J. PISANO**
**Attorney At Law**
**Cleveland Plaza**
**123 North Union Avenue**
**Suite 303**
**P.O. Box 705**
**Cranford, New Jersey 07016-0705**

**Telephone (908) 272-3800** **pisanoesq@aol.com** **Fax (908) 272-3629**

February 8, 2021

*Via e-courts:*
**UNITED STATES DISTRICT COURT**
FOR THE DISTRICT OF NEW JERSEY
NEWARK, NJ
Attn: Honorable Joseph A. Dickson, J.S.C.

RE: POLIT-BAQUERO vs. WALMART
Civil Action #: 2:18-cv-13407-ES-JAD

Dear Judge Dickson:

Kindly accept the within letter brief in lieu of a more formal brief in opposition to defendant's motion for summary judgment.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS**

1. Stipulated
2. Stipulated
3. Stipulated
4. Stipulated
5. Stipulated, as the reference to the incorrect date was a clerical error.
6. Stipulated
7. Stipulated
8. Stipulated
9. Denied, as the video's clarity does not capture the presence of water within the aisle where plaintiff fell, due to the presence of water
10. Stipulated
11. Stipulated
12. Stipulated
13. Stipulated

14. Stipulated
15. Stipulated
16. Stipulated
17. Stipulated
18. Stipulated
19. Stipulated
20. Stipulated

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

1. The video establishes the presence of liquid, forward of the front of a cart, managed by a shopper, in the four minutes preceding plaintiff's fall.
2. The video establishes that a second female party returned to the male party standing in the handle area of the cart, at which time the female party appears to observe the liquid forward of the cart, presumably a decision to back the cart away and circumvent same with plaintiff appearing moments later and falling.
3. MRIs document injuries as follows:
   1) High grade left elbow tear
   2) Non-displaced fracture of the olecranon
   3) C4-5, C5-6 bulges
   4) C2-3, C3-4 herniations
   5) L5-S1 bulge

Plaintiff underwent left shoulder surgery on 12/28/18 (exhibit A), resulting in medical bills in the amount of $180,077.84, calculated as follows:

| | |
|---|---|
| ODI Diagnostic Imaging | $150.00 |
| University Radiology | $330.00 |
| Hudson Radiology | $677.00 |
| Desjet, LLC | $1,110.00 |
| Apex Anesthesia | $2,000.00 |
| Ridgewood Diagnostics | $2,857.48 |
| Trinitas Hospital | $3,111.52 |
| Bergen Anesthesia | $3,200.00 |
| Donald Alosio, DC | $3,484.00 |
| Stelton Radiology | $3,494.00 |
| Total Care Physical Therapy | $8,858.84 |
| ICFMISS | $15,000.00 |
| Joseph Bellapianta, MD | $70,882.00 |
| Advanced Pain/Dr. He | $71,923.00 |

## LEGAL ARGUMENT

### POINT I

### SUMMARY JUDGMENT IS INAPPROPRIATE IN THIS MATTER.

Rule 4:46-1, entitled "Summary Judgment", provides in pertinent part as follows:

> "A party seeking any affirmative relief,..., may, at any time after the expiration of 35 days from the service of the pleading claiming such relief,..., for a summary judgment or order in his favor upon all or any part thereof or as to any defense..."

Rule 4:46-2C provides in pertinent part,

> "...The judgment or order sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law. An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.

In Brill v. Guardian Life Insurance Company of America, 142 N.J. 520 (1995), the New Jersey Supreme Court determined that Summary Judgment is appropriate only where the responding party has not demonstrated the existence of a dispute whose resolution in his favor will ultimately entitle him to Summary Judgment.

In Hopkins vs. Lazo Realtor, 132 N.J. Super. 426,433 (App. Div. 1993), the Supreme Court ruled that business owners owe invitees a duty of reasonable due care to provide a safe environment for doing that which is within the scope of the invitation. In O'Shea vs. Kmart Corp, 304 NJ Super.489 (App. Div. 1997), the Appellate Division ruled that the duty of due care requires a business owner to discover and eliminate dangerous conditions and to maintain the premises in a safe condition and to avoid creating conditions that would render the premises unsafe.

In Nisivoccia, Supra, 175 N.J. at 563, the Supreme Court stated reduced burdens of proof, as to negligence apply to a plaintiff in self-service areas, such as where selection and bagging from an open display in a self-service area occur. The court specifically stated the following:

> The same consideration apply to the checkout area of the supermarket. Customers typically unload their carts onto the checkout counter. Dropping and spillage during that process are foreseeable. Id, at pg. 565

Additionally, in Janice J. Prioleau vs. Kentucky Fried Chicken, 223 N.J. 245, the Supreme Court removed the limitations of the Mode of Operation Rule, where plaintiff slipped on a floor towards an interior bathroom, on a rainy day.

Expert testimony is required to support a negligence claim only if "the matter to be dealt with is so esoteric that jurors of common judgment and experience cannot form a valid judgment as to whether the conduct the party was reasonable". Butler vs. Acme Markets 89 NJ 270 (1982). In Butler supra it was determined that a jury could decide whether a public utility created a dangerous roadway condition without the opinion of experts.

Business owners owe a duty of reasonable care to provide a safe environment to invitees for doing that which is within the scope of the invitation. Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003). As a general rule, this duty requires a business owner to "discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe." Bauer v. Nesbitt, 198 N.J. 601, 615 (2009); Jerista v. Murray, 185 N.J. 175, 191 (2005); Nisivoccia, supra, 175 N.J. at 563. To prove a breach of that duty, an injured plaintiff is ordinarily required to prove that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident. E.g., Brown v. Racquet Club of Bricktown, 95 N.J. 280, 291 (1984).

However, the Supreme Court has relieved the plaintiff of proving this element "in circumstances in which, as a matter of probability, a dangerous condition is likely to occur as the result of the nature of the business, the property's condition, or a demonstrable pattern of conduct or incidents." Nisivoccia, supra, 175 N.J. at 563. In such circumstances, the plaintiff is entitled to an inference of negligence and the defendant has the burden of producing "rebutting proof that it had taken prudent and reasonable steps to avoid the potential hazard." Id. at 563-64. Because business owners are considered to be in the best position to control the risk of harm, Hojnowski v. Vans Skate Park, 187 N.J. 323, 335 (2006), this application is consistent with the Court's earlier observation of "the salutary effect of shifting the risk of loss" and the costs of preventing harm and "other associated costs of a dangerous activity to those who should be able and are best able to bear them." Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 447 (1993). See also Nisivoccia, supra, 175 N.J. at 563; Stelluti v. Casapenn Enters., LLC, 408 N.J. Super. 435, 446 (App. Div.), certif. granted, 200 N.J. 502 (2009); Restatement (Second) of Torts 343 (1965).

To determine whether the owner of property had a duty in particular circumstances to the injured person, a court must examine such factors as "the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution." Id. At 439; accord Acuna, supra, 192 N.J. at 414; Carvalho v. Toll Bros. & Developers, 143 N.J. 565, 573 (1996).

A business owner must discover and eliminate dangerous conditions so that the premises are safe to others.  Bauer v. Nesbitt, 198 N.J. 601, 615 (2009).

The video on 08/18/18 actually establishes the negligence of defendant. As indicated therein, there is no record of any inspection by an employee of the heavily trafficked aisle, leading to the registers, where plaintiff falls. In fact, the video establishes the fact sensitivity in the within matter, as the parties utilizing a cart, in the four minutes preceding the fall, appear to establish the long-term presence of the water, which causes plaintiff's fall. Defendant would seem to imply that somehow the water is the result of the male individual's presence, approximately three feet forward of the location of the fall. In viewing the video, the individual whose back is in the video stands at the handle section of the cart, presumably awaiting his female companion, who returns, notices the liquid, resulting in her perhaps alerting the male standing at the handle area of the cart, who then backs up and circumvents the liquid, which should have been detected and alleviated by defendant's personnel who do not appear anywhere, adhering to their duties to inspect and alleviate the presence of a slip and fall hazard.

For one reason or another, defendant would suggest that the liquid, which is the source of the fall, but cannot be visualized in the video, which does not result in a fall by another party before plaintiff's fall somehow exculpates plaintiff, when plaintiff meets her faith at 12:15:45. The video clearly establishes that there is no personnel from within Walmart that rotates through the area of the heavily travelled main aisle, during the hour preceding plaintiff's fall. In the event, an inspection were to have occurred, as required under the above precedent, the liquid would have been cleaned up and plaintiff would not have fallen. As indicated in Nisivoccia, Supra., cited in Prioleau, Supra (page 13, line 20), the court applied the Mode of Operation standard to checkout area, as opposed to remote aisle, containing dry goods, such as cereal etc. The video itself establishes the high traffic nature of the location of plaintiff's fall, the failure to inspect and of course the presence of a hazard, which others were fortunate enough not to have encountered, which might have resulted in their fall, in advance of plaintiff's fall. defendant did not inspect the area, unfortunately a liquid was present, the awareness of

which can be inferred from the parties that backed away from same in the minutes preceding plaintiff's fall, which resulted in the sum of $187,077.84 in medical expenses and left shoulder surgery, as documented in the above rebuttal statement of facts.

Based on the foregoing, the plaintiff respectfully requests that the defendant's motion for Summary Judgment be denied.

Respectfully Submitted,

JOHN J. PISANO, ESQ.

**Cc:** **COTTRELL SOLENSKY, P.A.,** Attn: Floyd G. Cottrell, Esq.,
*Via Fax # 973-643-1900 and* fcottrell@cs-njnylawfirm.com

Date Filed: 07/09/2023    Page: 68    Document: 21    Case: 23-1287

# EXHIBIT A

Appx66

INTERNATIONAL CENTER FOR MINIMALLY INVASIVE SPINE SURGERY
461 Goffle Road
Wyckoff, NJ 07481
Tel: (201) 857-0720 Fax: (201) 857-0948

# OPERATIVE REPORT

**PATIENT NAME:** POLIT-BAQUERO, PATRICIA

**MEDICAL RECORD #:** 1523

**DATE OF BIRTH:** 01/29/1960

**PHYSICIAN:** JOSEPH M. BELLAPIANTA, M.D.

**DATE OF SURGERY:** 12/28/2018

**PREOPERATIVE DIAGNOSES:**

1. Synovitis of the right glenohumeral joint.
2. Partial-thickness tearing of the labrum and rotator cuff.
3. Dense capsulitis.
4. Chondromalacia of the anterior aspect of the glenoid.

**POSTOPERATIVE DIAGNOSES:**

1. Synovitis of the right glenohumeral joint.
2. Partial-thickness tearing of the labrum and rotator cuff.
3. Dense capsulitis.
4. Chondromalacia of the anterior aspect of the glenoid.

**PROCEDURES PERFORMED:**

1. Arthroscopy of the left glenohumeral joint with arthroscopic synovectomy.
2. Extensive intra-articular debridement, left shoulder.
3. Arthroscopic capsular release, left shoulder.
4. Chondroplasty, left glenoid.
5. Manipulation under anesthesia, left glenohumeral joint.

**SURGEON:** Joseph M. Bellapianta, M.D.

**ASSISTANT:** Carla Harris, PA

**ESTIMATED BLOOD LOSS:** 20 mL.

**IV FLUID:** See anesthesia note.

**FINDINGS:** None.

**COMPLICATIONS:** None.

**DISPOSITION:** Stable to PACU.

**INDICATIONS FOR PROCEDURE:** The patient is a pleasant female who was seen in the office and evaluated for her persistent left shoulder pain. The risks, benefits, alternatives, and complications of

Case: 23-1287 Document: 21 Page: 71 Date Filed: 07/09/2023

INTERNATIONAL CENTER FOR MINIMALLY INVASIVE SPINE SURGERY
461 Goffle Road
Wyckoff, NJ 07481
Tel: (201) 857-0720 Fax: (201) 857-0948

**OPERATIVE REPORT**

**PATIENT NAME:** POLIT-BAQUERO, PATRICIA

**PHYSICIAN:** JOSEPH M. BELLAPIANTA, M.D.

**MEDICAL RECORD #:** 1523
**DATE OF BIRTH:** 01/29/1960
**DATE OF SURGERY:** 12/28/2018

surgical versus continued conservative management were discussed with the patient in detail and all of her questions were satisfactorily answered. Surgery date was scheduled for today, 12/28/2018.

**DESCRIPTION OF PROCEDURE:** The patient was placed supine on the operating room table and after induction of general anesthesia, adequate time-out, and administration of preoperative antibiotics, the patient's left shoulder was prepped and draped in the usual sterile fashion. The patient was placed into beach-chair position. All bony prominences were all padded, and her neck was held comfortably in a neutral position. At this point, a spinal needle was used to inject approximately 40 cc of sterile saline into the posterior aspect of the glenohumeral joint. This was then followed by establishment of the posterior portal using a knife, trocar, and cannula. Once this was done, an anterior portal was established in a similar fashion using a spinal needle for localization. A diagnostic arthroscopy was performed. A shaver was used to debride hypertrophic synovium anteriorly and posteriorly back to stable tissue. Significant synovitis was identified. There was also partial-thickness tearing of the labrum and rotator cuff, which was debrided back to stable tissue using a shaver. Then, capsulitis was encountered and using arthroscopic meniscal biters using both portals as working portals, the capsule was released. Meticulous care was taken not to injure the labrum, cartilage, rotator cuff, or biceps tendon. At this point, area of chondromalacia anteriorly was debrided. The arthroscopic equipment was removed. Single interrupted suture was placed in each of the arthroscopy portals followed by Xeroform and dry sterile dressing. At this point, the arm was manipulated under anesthesia and full range of motion of the contralateral side was achieved. The patient was placed supine and transported to the recovery room in stable condition. The equipment count was correct at the end of the case.

X____________________
Joseph M. Bellapianta, M.D.

JOB#: 731287 JMB: med: alf/ash DD: 12/28/2018 DT: 12/29/2018



**FLOYD G. COTTRELL** Δ*
CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY & CERTIFIED BY THE NATIONAL BOARD OF TRIAL ADVOCACY AS A CIVIL TRIAL SPECIALIST

**EDWARD SOLENSKY, JR.** Δ

OF COUNSEL
Δ **GEORGE G. CAMPION**
Δ* **KOHAR M. BOYADJIAN**

ASSOCIATES
Δ* **CARL FIGUEROA**
∞*Δ **KATHERINE A. MASTROBUONI**
Δ **CHRISTINA M. MALAMUT**

Δ MEMBER, NEW JERSEY BAR
* MEMBER, NEW YORK BAR
∞ MEMBER PENNSYLVANIA BAR

February 22, 2021

**Via PACER**
The Honorable Joseph A. Dickson, J.S.C.
United States District Court
District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

**Re: Polit-Baquero v. Walmart**
**Civil Action No.: 2:18-cv-13407-ES-JAD**
**Our File No.: 25-18-253**

Dear Judge Dickson:

This office represents Defendant Wal-Mart Stores East, LP (i/p/a "Walmart') in the above referenced matter.

Defendant has filed a Motion for Summary Judgment. Defendant's Motion is returnable March 1, 2021. Plaintiff has filed opposition to Defendant's Motion. Kindly accept this letter brief, in lieu of a more formal brief, as the reply to Plaintiff's opposition.

Plaintiff alleges that on August 18, 2018, she was injured by a dangerous condition existing on Defendant's premises. It is therefore Plaintiff's burden to prove that Defendant had notice of

3 University Plaza Drive |Suite 500 |Hackensack, NJ 07601 |Phone: 973.643.1400 |Fax: 973.643.1900
1120 Avenue of the Americas |4th Floor |New York, NY 10036 |Phone: 212.206.1844 |Fax: 929.499.9720
www.cs-njnylawfirm.com
**PLEASE REPLY TO HACKENSACK**

Hon. Joseph A. Dickson, J.S.C.
February 22, 2021
Page 2 of 9

THE LAW OFFICES OF
COTTRELL SOLENSKY, P.A.

the alleged defective condition. Defendant submits that Plaintiff has failed to meet this burden.

**<u>PLAINTIFF HAS FAILED TO ESTABLISH THAT WALMART HAD ACTUAL OR CONSTRUCTIVE NOTICE OF THE ALLEGED DANGEROUS CONDITION</u>**

Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." *R.* 4:46-2(c); *see Brill v. Guardian Life Ins. Co. of Am.*, 142 N.J. 520, 540, 666 A.2d 146 (1995).

It is Plaintiff's burden to establish that Walmart had actual or constructive notice of the presence of the alleged dangerous condition. Plaintiff does not contend that Walmart had actual notice. Constructive notice can be inferred in a variety of ways. "The characteristics of the dangerous condition giving rise to the slip and fall . . . or eyewitness testimony . . . may support an inference of constructive notice about the dangerous condition." *Arroyo v. Durling Realty, LLC*, 433 N.J. Super. 238, 243 (App. Div. 2013; <u>see</u> e.g., *Anderson v. Stop & Shop Supermarket Co.*, 2016 N.J. Super. Unpub. LEXIS 2405, 2016 WL 6518597. "The mere 'existence of an alleged dangerous condition is not constructive notice of it.'"

3 University Plaza Drive |Suite 500 |Hackensack, NJ 07601 |Phone: 973.643.1400 |Fax: 973.643.1900
1120 Avenue of the Americas |4th Floor |New York, NY 10036 |Phone: 212.206.1844 |Fax: 929.499.9720
www.cs-njnylawfirm.com
**PLEASE REPLY TO HACKENSACK**

Appx70

Hon. Joseph A. Dickson, J.S.C.
February 22, 2021
Page 3 of 9

THE LAW OFFICES OF
COTTRELL SOLENSKY, P.A.

*Arroyo*, *supra* at 243(quoting *Sims v. City of Newark*, 244 N.J. Super. 32, 42 (Law Div. 1990)).

Plaintiff has not provided any evidence that Walmart knew of the condition or that the condition existed for a sufficient period of time to afford Defendant a reasonable opportunity to discover it prior to Plaintiff's fall. No evidence has been propounded by Plaintiff that shows the liquid was visible, apparent and existed for a sufficient length of time prior to Plaintiff's accident. No testimony was provided that anyone complained before the accident, that there was water on the floor, nor was any evidence presented that other patrons had slipped.

Constructive notice can be established when the condition existed "for such a length of time as reasonably to have resulted in knowledge and correction had the defendant been reasonably diligent." *Troupe v. Burlington Coat Factory Warehouse Corp.*, 443 N.J. Super. 596, 602 (App. Div. 2016) (quoting *Parmenter v. Jarvis Drug Stores, Inc.*, 48 N.J. Super. 507, 510 (App. Div. 1957)).

While an exact length of time a dangerous condition must exist for a defendant to have constructive knowledge under New Jersey law has not been specified, Courts have certified a wide range of times for jury consideration. Courts have held that even four-minute intervals are not sufficiently lengthy to support a finding of

3 University Plaza Drive |Suite 500 |Hackensack, NJ 07601 |Phone: 973.643.1400 |Fax: 973.643.1900
1120 Avenue of the Americas |4th Floor |New York, NY 10036 |Phone: 212.206.1844 |Fax: 929.499.9720
www.cs-njnylawfirm.com
**PLEASE REPLY TO HACKENSACK**

Appx71

constructive notice. *See Romeo v. Harrah's Atlantic City Propco, LLC*, 168 F. Supp. 3d 726 at 732 (D.N.J 2016) (standing alone, the existence of a dangerous condition for four minutes ". . . is not enough [time] to establish constructive notice). *See*, e.g., *Ratering v. Mele*, 11 N.J. Super. 211 (N.J. App. Div. 1951) (holding that an "established time lapse of at least two and a half hours" between when the plaintiff first observed garbage collected on defendants' stairs and when she later slipped on the garbage 'presented an issue for the jury's consideration as to whether the improper condition of the stairs had existed for sufficient time as to have been discoverable and remediable, in the exercise of reasonable care, before the injury occurred.'"); *Zizi v. Gabriele D'Annunzio Lodge*, 14 N.J. Super. 200 (App. Div. 1951) (holding a time lapse of 45 minutes, or perhaps in given situations even a shorter one, may suffice to create a jury question).

Here, a mere thirty (30) seconds is an insufficient amount of time for Walmart to have had constructive notice of the spill. The video footage clearly shows that the spilled liquid was visible, apparent and not blocked by a shopping cart, only after the Male and Female Shopper leave the scene at 12:15:15 p.m., which was less than one minute before Plaintiff slipped and fell.

3 University Plaza Drive |Suite 500 |Hackensack, NJ 07601 |Phone: 973.643.1400 |Fax: 973.643.1900
1120 Avenue of the Americas |4th Floor |New York, NY 10036 |Phone: 212.206.1844 |Fax: 929.499.9720
www.cs-njnylawfirm.com
**PLEASE REPLY TO HACKENSACK**

Hon. Joseph A. Dickson, J.S.C.
February 22, 2021
Page 5 of 9

THE LAW OFFICES OF
COTTRELL SOLENSKY, P.A.

As a result, Plaintiff has failed to establish that Walmart had notice of the alleged dangerous condition for a sufficient amount of time to have been discoverable and remediable, in the exercise of reasonable care, before the injury occurred. This failure is fatal to Plaintiff's claim of premises liability.

**PLAINTIFF HAS FAILED TO PROFFER ANY FACTS AS TO WALMART'S NOTICE OF THE ALLEGED DANGEROUS CONDITION AND INSTEAD IMPROPERLY ATTEMPTS TO SHIFT THE BURDEN OF PROOF ONTO WALMART TO SHOW THAT ITS INSPECTION PROCEDURES WERE REASONABLE**

New Jersey jurisprudence is long-standing and clear: for an invitee to prevail on a claim of premises liability, the "invitee seeking to hold a business proprietor liable in negligence, must prove, as an element of the cause of action, that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident." *Prioleau v. Kentucky Fried Chicken*, 223 N.J. 245 at 248 (2015), citing *Nisivoccia v. Glass Gardens*, 175 N.J. 559 at 563 (2003).

A dangerous condition that a business owner should have 'known about or discovered' is a dangerous condition of which the business owner had actual or constructive notice; absent actual notice of the dangerous condition, the dangerous condition must have "had existed for such a length of time that he should have known if its presence." *Bozza v. Vornado*, 42 N.J. 355 (1964).

3 University Plaza Drive |Suite 500 |Hackensack, NJ 07601 |Phone: 973.643.1400 |Fax: 973.643.1900
1120 Avenue of the Americas |4th Floor |New York, NY 10036 |Phone: 212.206.1844 |Fax: 929.499.9720
www.cs-njnylawfirm.com
**PLEASE REPLY TO HACKENSACK**

Appx73

Hon. Joseph A. Dickson, J.S.C.
February 22, 2021
Page 6 of 9

THE LAW OFFICES OF
COTTRELL SOLENSKY, P.A.

"The absence of actual or constructive notice is fatal to plaintiff's claims of premises liability"; the "mere existence of an alleged dangerous condition is not constructive notice of it." *Arroyo v. Durling Realty, LLC*, 433 N.J. Super. 238, 243 (App. Div. 2013), citing *Sims v. City of Newark*, 244 N.J. Super. 32, 42 (1990); *see Long v. Landy*, 35 N.J. 44, 54 (1961) ("An inference [of negligence] can be drawn only from proved facts and cannot be based upon a foundation of pure conjecture, speculation, surmise or guess.").

Here, Plaintiff attempts to absolve her burden to prove actual or constructive notice, and instead attempts to shift the burden onto Walmart to prove that its system for inspecting, discovering, and eliminating spills has met some nebulous, arbitrary standard set forth by Plaintiff herself. The assumption made by Plaintiff that had an inspection occurred "the liquid would have been cleaned up and Plaintiff would not have fallen," is an unsupported statement that amounts to nothing more than mere conjecture. (*See* p. 5 of Plaintiff's Opposition Letter Brief). Plaintiff's opposition does not even site to deposition testimony regarding Walmart's inspection procedures. Nor does Plaintiff's opposition cite to an expert as to the reasonableness of Walmart's inspection policies.

3 University Plaza Drive |Suite 500 |Hackensack, NJ 07601 |Phone: 973.643.1400 |Fax: 973.643.1900
1120 Avenue of the Americas |4th Floor |New York, NY 10036 |Phone: 212.206.1844 |Fax: 929.499.9720
www.cs-njnylawfirm.com
**PLEASE REPLY TO HACKENSACK**

Appx74

THE LAW OFFICES OF
COTTRELL SOLENSKY, P.A.

Therefore, for the foregoing reasons, Walmart's Motion for Summary Judgment should be granted.

**THE MODE-OF-OPERATION DOCTRINE IS INAPPLICABLE HERE AND CANNOT RELIEVE PLAINTIFF OF HER BURDEN TO PROVE WALMART HAD NOTICE OF THE ALLEGED DANGEROUS CONDITION**

In opposing Walmart's motion, it appears that Plaintiff attempted to make an alternative argument that the mode-of-operation doctrine may apply here, due to the "high traffic nature of the location of Plaintiff's fall." (*See* pp. 5-6 of Plaintiff's Opposition Letter Brief).

Courts have relieved plaintiffs of proving actual or constructive notice where a defendant's method of business creates a hazardous condition. When the very nature of a business's operation creates the hazard, however, the "mode-of-operation rule" creates an inference of negligence and "shifts the burden to the defendant to 'negate the inference by submitting evidence of due care.'" *Nisivoccia*, supra, 175 N.J. at 564 (quoting *Bozza*, supra, 42 N.J. at 360). In such a situation, the rule requires the defendant to show it did "all that a reasonably prudent [person] would do in light of the risk of injury [the mode of operation] entailed." *Wollerman v. Grand Union Stores, Inc.*, 47 N.J. 426, 429 (1966).

3 University Plaza Drive |Suite 500 |Hackensack, NJ 07601 |Phone: 973.643.1400 |Fax: 973.643.1900
1120 Avenue of the Americas |4th Floor |New York, NY 10036 |Phone: 212.206.1844 |Fax: 929.499.9720
www.cs-njnylawfirm.com
**PLEASE REPLY TO HACKENSACK**

Hon. Joseph A. Dickson, J.S.C.
February 22, 2021
Page 8 of 9

THE LAW OFFICES OF
COTTRELL SOLENSKY, P.A.

The mode-of-operation doctrine has never been expanded beyond the self-service setting, in which customers independently handle merchandise without the assistance of employees or may come into direct contact with product displays, shelving, packaging, and other aspects of the facility that may present a risk. *Prioleau*, supra, 223 N.J. at 262; *see also Walker v. Costco Wholesale Warehouse*, 445 N.J. Super. 111, 121 (App. Div. 2016) (recognizing the application of mode-of-operation liability principles to businesses providing goods through "self-service" operations). The Court has specifically rejected the idea that the doctrine applied whenever a risk of injury was "inherent in the nature of the defendant's operation." *Prioleau*, supra, 223 N.J. at 264.

Furthermore, to invoke the mode-of-operation doctrine, a plaintiff must prove that the dangerous condition arose from the business's self-service operation. "The dispositive factor is... whether there is a nexus between self-service components of the defendant's business and a risk of injury in the area where the accident occurred." *Id.* at 262. The doctrine will not apply where there is no evidence that "the location in which the plaintiff's accident occurred...bears the slightest relationship to any self-service component of the defendant's business." *Id.* at 264.

3 University Plaza Drive |Suite 500 |Hackensack, NJ 07601 |Phone: 973.643.1400 |Fax: 973.643.1900
1120 Avenue of the Americas |4th Floor |New York, NY 10036 |Phone: 212.206.1844 |Fax: 929.499.9720
www.cs-njnylawfirm.com
**PLEASE REPLY TO HACKENSACK**

Appx76



Case: 23-1287 Document: 21 Page: 80 Date Filed: 07/09/2023

Hon. Joseph A. Dickson, J.S.C.
February 22, 2021
Page 9 of 9

THE LAW OFFICES OF
COTTRELL SOLENSKY, P.A.

Here, this argument must fail as Plaintiff has failed to prove that the hazardous condition arose from a self-service operation at Walmart. The record lacks the necessary facts to establish a nexus between the hazardous condition and the store's mode of operation. Thus, because Plaintiff has not proffered any evidence to show a connection between a "self-service setting" and her injuries, a claim that the mode-of-operation doctrine should apply in this case is without merit.

**CONCLUSION**

Defendant respectfully requests that the Court grant its Motion for Summary Judgment.

I certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,
**COTTRELL SOLENSKY, P.A.**

By: *Christina M. Malamut*
Christina M. Malamut, Esq.
(973) 643-1400, Ext. 12
Cmalamut@cs-njnylawfirm.com

CMM:cmm
Cc: All Counsel

3 University Plaza Drive |Suite 500 |Hackensack, NJ 07601 |Phone: 973.643.1400 |Fax: 973.643.1900
1120 Avenue of the Americas |4th Floor |New York, NY 10036 |Phone: 212.206.1844 |Fax: 929.499.9720
www.cs-njnylawfirm.com
**PLEASE REPLY TO HACKENSACK**

Appx77

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PATRICIA POLIT-BAQUERO, Plaintiff, v. WALMART Defendant. | Civil Action No. 2:18-cv-13407 **NOTICE OF MOTION FOR SUMMARY JUDGMENT** |

**TO: JOHN J. PISANO, ESQ.**
Cleveland Plaza
123 North Union Avenue, Suite 303
P.O. Box 705
Cranford, New Jersey 07016-0705
E-Mail: pisanoesq@aol.com

**C O U N S E L:**

**PLEASE TAKE NOTICE,** that the undersigned attorneys for Defendant Walmart Stores East L.P. i/p/a Walmart (hereinafter "Defendant") will apply to the above-named Court at Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07102 on **April 20, 2021** or as soon thereafter as counsel may be heard, for an Order granting Summary Judgment against Plaintiff and dismissing Plaintiff's Complaint. Defendant will rely upon the previous submitted Brief supporting papers (D.E. No. 28).

**ORAL ARGUMENT**

Defendant requests oral argument if this matter is contested.

**CERTIFICATION**

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**COTTRELL LAW GROUP, P.A.**
*Attorneys for Defendant Walmart Stores East L.P. i/p/a Walmart*

By: s/Ronald James R. De La Fuente
Ronald James R. De La Fuente
Bar ID: 248802017
3 University Plaza Drive, Suite 500
Hackensack, New Jersey 07601
Phone: (973)643-1400, ext. 20
Fax: (973)643-1900
rdelafuente@cs-njnylawfirm.com
Our File No. 25-18-253

DATED: March 24, 2022

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PATRICIA POLIT-BAQUERO,<br>Plaintiff,<br>v.<br><br>WALMART<br>Defendant. | Civil Action No. 2:18-cv-13407<br><br>**AFFIDAVIT OF COUNSEL** |

I, **RONALD JAMES R. DE LA FUENTE,** of full age, certify that:

1. I am an attorney-at-law, licensed to practice in the United States District Court for the District of New Jersey. I am an associate at Cottrell Law Group, P.A., attorneys for Defendant Walmart Stores East L.P. i/p/a Walmart (hereinafter "Defendant"). I am fully familiar with the facts and circumstances of the within action based upon the file maintained by our office.

2. I make this Certification per the Letter Order of Esther Salas, U.S.D.J. dated March 23, 2022 (See Exhibit A) to rely on Defendant's previously filed Brief and supporting documents (D.E. No. 28) in support of Defendant's instant Motion for an Order granting Summary Judgment.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

**COTTRELL LAW GROUP, P.A.**
*Attorneys for Defendant Walmart Stores East L.P. i/p/a Walmart*

By: s/Ronald James R. De La Fuente
Ronald James R. De La Fuente
Bar ID: 248802017
3 University Plaza Drive, Suite 500
Hackensack, New Jersey 07601
Phone: (973)643-1400, ext. 20
Fax: (973)643-1900
rdelafuente@cs-njnylawfirm.com
Our File No. 25-18-253

DATED: March 24, 2022

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
ESTHER SALAS
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

March 23, 2022

**LETTER ORDER**

**Re:** ***Polit-Baquero v. Walmart***
**Civil Action No. 18-13407 (ES) (JSA)**

Dear Counsel:

The Court is in receipt of Defendant Walmart's letter dated March 22, 2022 (D.E. No. 42), requesting a status update on its motion for summary judgment (D.E. No. 28). The Undersigned held a status conference on September 21, 2021, and directed the parties to engage in further settlement discussions with Magistrate Judge Jessica S. Allen, and potentially a mediator. (D.E. No. 32). Accordingly, the Court administratively terminated Defendant's motion pending the outcome of further settlement discussions. (*Id.*).

Thereafter, on November 4, 2021, the parties were ordered to non-binding arbitration and on December 28, 2021, an arbitration award was filed under seal. (D.E. No. 36). Defendant then requested a trial de novo, and the parties engaged in further settlement discussions. (D.E. Nos. 38, 39 & 41). If Defendant believes that further settlement discussions would be futile, it may reinstate its motion (D.E. No. 28) by filing a new notice of motion for summary judgment, along with an affidavit stating that it will rely on its previously filed brief and supporting documents.

In addition, the parties are directed to mail a new copy of the video footage that corresponds to Defendant's Exhibit E (D.E. No. 28-8) to the Undersigned at the following address:

**Attn:** The Hon. Judge Esther Salas
The Martin Luther King Building & Courthouse
50 Walnut Street
Newark, NJ 07101

**SO ORDERED.**

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

**JOHN J. PISANO**
**Attorney At Law**
**Cleveland Plaza**
**123 North Union Avenue**
**Suite 303**
**P.O. Box 705**
**Cranford, New Jersey 07016-0705**

**Telephone (908) 272-3800** **pisanoesq@aol.com** **Fax (908) 272-3629**

March 30, 2022

*Via e-courts:*
**UNITED STATES DISTRICT COURT**
FOR THE DISTRICT OF NEW JERSEY
NEWARK, NJ
Attn: Magistrate Judge Jessica S. Allen, U.S.M.J.
Email: Yolanda_Bromfield@njd.uscourts.gov

RE: POLIT-BAQUERO vs. WALMART
Civil Action #: 2:18-cv-13407-ES-JAD

Dear Judge Allen:

A recent ruling authorized defense counsel to re-file defendant's Summary Judgment. Plaintiff is, of course, relying upon the arguments put forth in the attached 02/08/21 Letter Brief, forwarded to the Honorable Joseph A. Dickson. In the event same is not in your Honor's possession, I am providing same. If your Honor requires anything further from the undersigned, with respect to the pending Summary Judgment, your Honor's courtesies in advising as to what further documents are required, are greatly appreciated.

Very truly yours,

JOHN J. PISANO, ESQ.

Cc: **COTTRELL SOLENSKY, P.A.,** Attn: Floyd G. Cottrell, Esq.,
*Via Fax # 973-643-1900 and* fcottrell@cs-njnylawfirm.com

**JOHN J. PISANO**
**Attorney At Law**
**Cleveland Plaza**
**123 North Union Avenue**
**Suite 303**
**P.O. Box 705**
**Cranford, New Jersey 07016-0705**

**Telephone (908) 272-3800** **pisanoesq@aol.com** **Fax (908) 272-3629**

February 8, 2021

*Via e-courts:*
**UNITED STATES DISTRICT COURT**
FOR THE DISTRICT OF NEW JERSEY
NEWARK, NJ
Attn: Honorable Joseph A. Dickson, J.S.C.

RE: POLIT-BAQUERO vs. WALMART
Civil Action #: 2:18-cv-13407-ES-JAD

Dear Judge Dickson:

Kindly accept the within letter brief in lieu of a more formal brief in opposition to defendant's motion for summary judgment.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS**

1. Stipulated
2. Stipulated
3. Stipulated
4. Stipulated
5. Stipulated, as the reference to the incorrect date was a clerical error.
6. Stipulated
7. Stipulated
8. Stipulated
9. Denied, as the video's clarity does not capture the presence of water within the aisle where plaintiff fell, due to the presence of water
10. Stipulated
11. Stipulated
12. Stipulated
13. Stipulated

14. Stipulated
15. Stipulated
16. Stipulated
17. Stipulated
18. Stipulated
19. Stipulated
20. Stipulated

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

1. The video establishes the presence of liquid, forward of the front of a cart, managed by a shopper, in the four minutes preceding plaintiff's fall.
2. The video establishes that a second female party returned to the male party standing in the handle area of the cart, at which time the female party appears to observe the liquid forward of the cart, presumably a decision to back the cart away and circumvent same with plaintiff appearing moments later and falling.
3. MRIs document injuries as follows:
   1) High grade left elbow tear
   2) Non-displaced fracture of the olecranon
   3) C4-5, C5-6 bulges
   4) C2-3, C3-4 herniations
   5) L5-S1 bulge

   Plaintiff underwent left shoulder surgery on 12/28/18 (exhibit A), resulting in medical bills in the amount of $180,077.84, calculated as follows:

| | |
|---|---|
| ODI Diagnostic Imaging | $150.00 |
| University Radiology | $330.00 |
| Hudson Radiology | $677.00 |
| Desjet, LLC | $1,110.00 |
| Apex Anesthesia | $2,000.00 |
| Ridgewood Diagnostics | $2,857.48 |
| Trinitas Hospital | $3,111.52 |
| Bergen Anesthesia | $3,200.00 |
| Donald Alosio, DC | $3,484.00 |
| Stelton Radiology | $3,494.00 |
| Total Care Physical Therapy | $8,858.84 |
| ICFMISS | $15,000.00 |
| Joseph Bellapianta, MD | $70,882.00 |
| Advanced Pain/Dr. He | $71,923.00 |

# LEGAL ARGUMENT

## POINT I

## SUMMARY JUDGMENT IS INAPPROPRIATE IN THIS MATTER.

Rule 4:46-1, entitled "Summary Judgment", provides in pertinent part as follows:

> "A party seeking any affirmative relief,..., may, at any time after the expiration of 35 days from the service of the pleading claiming such relief,..., for a summary judgment or order in his favor upon all or any part thereof or as to any defense..."

Rule 4:46-2C provides in pertinent part,

> "...The judgment or order sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law. An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.

In Brill v. Guardian Life Insurance Company of America, 142 N.J. 520 (1995), the New Jersey Supreme Court determined that Summary Judgment is appropriate only where the responding party has not demonstrated the existence of a dispute whose resolution in his favor will ultimately entitle him to Summary Judgment.

In Hopkins vs. Lazo Realtor, 132 N.J. Super. 426,433 (App. Div. 1993), the Supreme Court ruled that business owners owe invitees a duty of reasonable due care to provide a safe environment for doing that which is within the scope of the invitation. In O'Shea vs. Kmart Corp, 304 NJ Super.489 (App. Div. 1997), the Appellate Division ruled that the duty of due care requires a business owner to discover and eliminate dangerous conditions and to maintain the premises in a safe condition and to avoid creating conditions that would render the premises unsafe.

In Nisivoccia, Supra, 175 N.J. at 563, the Supreme Court stated reduced burdens of proof, as to negligence apply to a plaintiff in self-service areas, such as where selection and bagging from an open display in a self-service area occur. The court specifically stated the following:

> The same consideration apply to the checkout area of the supermarket. Customers typically unload their carts onto the checkout counter. Dropping and spillage during that process are foreseeable. Id, at pg. 565

Additionally, in Janice J. Prioleau vs. Kentucky Fried Chicken, 223 N.J. 245, the Supreme Court removed the limitations of the Mode of Operation Rule, where plaintiff slipped on a floor towards an interior bathroom, on a rainy day.

Expert testimony is required to support a negligence claim only if "the matter to be dealt with is so esoteric that jurors of common judgment and experience cannot form a valid judgment as to whether the conduct the party was reasonable". Butler vs. Acme Markets 89 NJ 270 (1982). In Butler supra it was determined that a jury could decide whether a public utility created a dangerous roadway condition without the opinion of experts.

Business owners owe a duty of reasonable care to provide a safe environment to invitees for doing that which is within the scope of the invitation. Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003). As a general rule, this duty requires a business owner to "discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe." Bauer v. Nesbitt, 198 N.J. 601, 615 (2009); Jerista v. Murray, 185 N.J. 175, 191 (2005); Nisivoccia, supra, 175 N.J. at 563. To prove a breach of that duty, an injured plaintiff is ordinarily required to prove that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident. E.g., Brown v. Racquet Club of Bricktown, 95 N.J. 280, 291 (1984).

However, the Supreme Court has relieved the plaintiff of proving this element "in circumstances in which, as a matter of probability, a dangerous condition is likely to occur as the result of the nature of the business, the property's condition, or a demonstrable pattern of conduct or incidents." Nisivoccia, supra, 175 N.J. at 563. In such circumstances, the plaintiff is entitled to an inference of negligence and the defendant has the burden of producing "rebutting proof that it had taken prudent and reasonable steps to avoid the potential hazard." Id. at 563-64. Because business owners are considered to be in the best position to control the risk of harm, Hojnowski v. Vans Skate Park, 187 N.J. 323, 335 (2006), this application is consistent with the Court's earlier observation of "the salutary effect of shifting the risk of loss" and the costs of preventing harm and "other associated costs of a dangerous activity to those who should be able and are best able to bear them." Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 447 (1993). See also Nisivoccia, supra, 175 N.J. at 563; Stelluti v. Casapenn Enters., LLC, 408 N.J. Super. 435, 446 (App. Div.), certif. granted, 200 N.J. 502 (2009); Restatement (Second) of Torts 343 (1965).

To determine whether the owner of property had a duty in particular circumstances to the injured person, a court must examine such factors as "the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution." Id. At 439; accord Acuna, supra, 192 N.J. at 414; Carvalho v. Toll Bros. & Developers, 143 N.J. 565, 573 (1996).

A business owner must discover and eliminate dangerous conditions so that the premises are safe to others. Bauer v. Nesbitt, 198 N.J. 601, 615 (2009).

The video on 08/18/18 actually establishes the negligence of defendant. As indicated therein, there is no record of any inspection by an employee of the heavily trafficked aisle, leading to the registers, where plaintiff falls. In fact, the video establishes the fact sensitivity in the within matter, as the parties utilizing a cart, in the four minutes preceding the fall, appear to establish the long-term presence of the water, which causes plaintiff's fall. Defendant would seem to imply that somehow the water is the result of the male individual's presence, approximately three feet forward of the location of the fall. In viewing the video, the individual whose back is in the video stands at the handle section of the cart, presumably awaiting his female companion, who returns, notices the liquid, resulting in her perhaps alerting the male standing at the handle area of the cart, who then backs up and circumvents the liquid, which should have been detected and alleviated by defendant's personnel who do not appear anywhere, adhering to their duties to inspect and alleviate the presence of a slip and fall hazard.

For one reason or another, defendant would suggest that the liquid, which is the source of the fall, but cannot be visualized in the video, which does not result in a fall by another party before plaintiff's fall somehow exculpates plaintiff, when plaintiff meets her faith at 12:15:45. The video clearly establishes that there is no personnel from within Walmart that rotates through the area of the heavily travelled main aisle, during the hour preceding plaintiff's fall. In the event, an inspection were to have occurred, as required under the above precedent, the liquid would have been cleaned up and plaintiff would not have fallen. As indicated in Nisivoccia, Supra., cited in Prioleau, Supra (page 13, line 20), the court applied the Mode of Operation standard to checkout area, as opposed to remote aisle, containing dry goods, such as cereal etc. The video itself establishes the high traffic nature of the location of plaintiff's fall, the failure to inspect and of course the presence of a hazard, which others were fortunate enough not to have encountered, which might have resulted in their fall, in advance of plaintiff's fall. defendant did not inspect the area, unfortunately a liquid was present, the awareness of

which can be inferred from the parties that backed away from same in the minutes preceding plaintiff's fall, which resulted in the sum of $187,077.84 in medical expenses and left shoulder surgery, as documented in the above rebuttal statement of facts.

Based on the foregoing, the plaintiff respectfully requests that the defendant's motion for Summary Judgment be denied.

Respectfully Submitted,

JOHN J. PISANO, ESQ.

**Cc:**   **COTTRELL SOLENSKY, P.A.,** Attn: Floyd G. Cottrell, Esq.,
*Via Fax # 973-643-1900 and* fcottrell@cs-njnylawfirm.com

```
 1              UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
 2
 3   ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄

 4   PATRICIA POLIT-BAQUERO,          CIVIL ACTION NUMBER:

 5        Plaintiff,                  2:18-cv-13407-ES

 6        v.                          ORAL ARGUMENT

 7   WALMART,                         VIA ZOOM VIDEOCONFERENCING

 8        Defendant.                      Pages 1 - 28
     ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄

 9        Martin Luther King Building & U.S. Courthouse
          50 Walnut Street
10        Newark, New Jersey 07101
          Thursday, December 8, 2022
11        Commencing at 3:44 p.m.

12

13   B E F O R E:              THE HONORABLE ESTHER SALAS,
                                UNITED STATES DISTRICT JUDGE
14

15

16

17

18

19

20

21

22           Mary Jo Monteleone, Official Court Reporter
23                maryjomonteleone@gmail.com
                       (973) 580-5262
24
          Proceedings recorded by stenographically;
25   transcript produced by computer-aided transcription.
```

**A P P E A R A N C E S**:

JOHN J. PISANO, ESQUIRE
123 North Union Avenue
P.O. Box 705
Cranford, New Jersey 07016
Counsel for Plaintiff

RAWLE & HENDERSON
BY: FLOYD G. COTTRELL, ESQUIRE
3 University Plaza Drive, Suite 500
Hackensack, New Jersey 07601
Counsel for Defendant

(PROCEEDINGS held via Zoom videoconferencing before **The Honorable ESTHER SALAS**, United States District Judge, at 3:44 p.m.)

THE COURT: We are on the record in the matter of *Polit-Baquero v. Walmart*, Civil Action Number 18-13407. May I have appearances by counsel, starting with the plaintiff.

MR. PISANO: John Pisano. Thank you, Judge.

MR. COTTRELL: Floyd G. Cottrell, Rawle & Henderson, for Defendant Walmart.

THE COURT: All right. We are here to discuss Defendant Walmart's motion for summary judgment on the claim for negligence brought in the plaintiff's complaint. Docket Entry Number 44.

As the Court specified in my text order as well as last week when we were unable to commence with oral argument, I did sort of narrow the issues for counsel. And I want to remind counsel that we're going to first hear from counsel regarding whether the mode-of-operation rule, which plaintiff invokes in her opposition brief, Docket Entry Number 46-1, applies to the present action.

Second, the Court has questions regarding what record evidence exists, if any, that can demonstrate when the spill that ultimately resulted in plaintiff's fall occurred, as this fact is necessary to prove that defendant had constructive notice of this spill.

Before we commence with questions, I'm going to start with questions of the plaintiff. I just want to put everything in context for the record and just so that we're all operating under the same law.

(Technical issues are encountered.)

THE COURT: Sorry about that interruption; the beauty of Zoom technology.

So we start with looking at the elements of a claim of negligence. They are: A duty of care; a breach of that duty; proximate cause; and actual damages.

"Business owners owe to invitees a duty of reasonable or due care to provide a safe environment for doing that which is within the scope of the invitation." That, of course, I'm citing to *Nisivoccia*. "This includes a duty to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe."

"In proving that a defendant breached its duty of care, a plaintiff must ordinarily prove that the defendant had actual or constructive notice of the dangerous condition that caused the accident." Citing *Saunders*. "The absence of actual or constructive notice is fatal to a plaintiff's claim and the mere existence of an alleged dangerous condition is not constructive notice of it." And that's *Arroyo v. Durling Realty*.

Now, however, putting that all in context, the burden imposed on the plaintiff invitee is substantially altered in settings in which the mode-of-operation rule applies. The rule gives rise to a rebuttable inference that the defendant is negligent and obviates the need for the plaintiff to prove actual or constructive notice.

So, we're here now considering whether this mode-of-operation rule applies in this particular case. And I want to focus everybody on the rule itself and what, at least, we talk about with respect to the mode-of-operation and the nexus necessary.

Let me start with counsel for the plaintiff.

Isn't the mode-of-operation rule limited to cases where the hazard arises from the self-service aspect of a business? Isn't that really necessary? And let me hear you on that.

MR. PISANO: Stipulated. I'm going to stipulate, Judge. Judge, I'm going to make this -- respectfully, zero this right in where it belongs. I'm going to stipulate this is not a mode-of-operation case. I think it would be a big reach. Surprise. I see Your Honor's reaction.

I'm going to stipulate. We're not over by the salad bar. We're not slipping on that crushed grape. We're not over there in that *Romeo* case. I really appreciate the Court's instructing me to bone up on these federal precedents.

This isn't a *Romeo* case. The *Romeo* is that case where they're given out the booze, they're giving out the bottles, and people are slipping and spilling on them and no summary judgment. I'm going to drop that one right on the floor and make it irrelevant.

I'm going to take away the *Nisivoccia* and I'm going to move, respectfully, straight into the *Saunders* and *Goldsack* cases -- *Goldsack* argued by my very competent adversary Mr. Goldsmith -- Floyd -- Cottrell -- my point here is -- Cottrell -- I apologize, Floyd, because we all know there's Floyd Goldsmith as well.

Respectfully, Your Honor, *Saunders* sustains this claim under a constructive notice claim and it's very quick to see the nuances of these cases and the fact sensitivity.

So in this case, the defendant turned over that video that Your Honor spent time on. And that video shows a lack of activity by any personnel at least an hour before this slip and fall. I think Your Honor noticed, by having studied the video, that the suggestion that somebody shopping for cereal and spilled their Poland Springs casually just doesn't carry the day.

So it really comes down to what are the courts saying about that moment where we trigger the constructive notice breach, that failure to do the due diligence, the failure to have the employees walk the hallway, produce those ledgers and

 logs showing what, if anything, has been done to preserve.

You've got a video. There's no inspection whatsoever and there's nobody sweeping through there, nobody coming through.

Why does the plaintiff lose in *Saunders*? No video. They haven't done their due diligence.

Judge, did I lose you?

THE COURT: No, I had to say something to my law clerk. Go ahead.

MR. PISANO: Okay. *Saunders*, no video. Inference -- there's a burden there for the plaintiff. You better take a deposition. You better get busy establishing that they did in fact breach the obligation to circle through. There it is, very important and heavily emphasized in that ruling towards -- I'll go right to it.

They cite in that case, as Your Honor is well aware. A video -- and here it is, Your Honor. Video surveillance that suggests Walmart should have known about the water spill before the fall. There is none. She has not presented maintenance logs, store policies, or video surveillance.

THE COURT: Let me stop you right there, Mr. Pisano.

So we're all talking about *Saunders v. Walmart*, right?

MR. PISANO: Constructive notice.

THE COURT: Is that the one you're talking about?

MR. PISANO: Yes. I spoke over, but that was constructive notice.

THE COURT: And the Third Circuit found that there was no constructive notice there, in that particular case. That's when the plaintiff slipped on the puddle of water in Walmart. She alleges that the water came from the stack of broken water bottles in the aisle. And the Third Circuit found there was no constructive notice because the plaintiff pointed to no characteristics of the puddle suggesting that it was present long enough to establish constructive notice. I'm reading from *Saunders v. Wal-Mart Stores Inc.*, No. 21-1941, 2022 Westlaw 832050, at *2.

So, I guess I'm looking to you to tell me now, where in the record right now, where in the record that's before the Court is there any evidence, circumstantial or otherwise, sir, to tell us where the spill occurred?

Is there any way for the jury to determine where there was enough time between the spill and the plaintiff's fall for the defendant to have had constructive notice? And that I'm just seeing completely missing from the record right now.

MR. PISANO: Respectfully, I think that's where the Court and I differ. I do want to just emphasize the reason behind the Court in granting summary judgment in *Saunders*. There must be some evidence to allow a fact finder to conclude

that the water was on the floor for a reasonable period of time before the accident occurred.

The plaintiffs proffered no evidence how long the puddle existed prior to the fall or that -- a typo -- or that that length of time would be sufficient to show Walmart had some constructive notice of the dangerous condition. For example, she has not presented maintenance logs for us or video surveillance.

I have produced the video surveillance.

THE COURT: When did the spill occur?

MR. PISANO: Well, Your Honor, that's where the Court and I are differing. To expect a plaintiff to have the burden of knowing when the spill occurred would be unduly burdensome to any plaintiff. What they're saying is constructive notice -- and this is where the Court has to, of course, spend that moment with the nuance.

The issue here is, when does sufficient time pass. And that can only be established through a video. And in this video -- we all saw the video. There's no indication in that video that Patron 1 or Patron 2 spilled the Poland Springs. So the real question now is, when did Walmart breach its constructive notice burden of doing an inspection and maintenance protocols?

Judge, an hour is more than sufficient to establish they're not doing their job at Walmart.

So the case goes in that, clearly, the water is present. How it got there isn't the issue. What is triggered is the duty to inspect, the duty to maintain, the duty to protect patrons. And the video shows well over an hour of nobody walking through with a Walmart logo on the clothes, or coming through with a clipboard, coming through, putting up a cone, saying to an individual with a mop, Come over.

That's the difference between *Saunders* and here. There's no video in *Saunders* and plaintiff rightfully didn't meet the burden and got a dismissal for summary judgment. There is a video here. That's all I could say to the Court. Thank you.

THE COURT: So, you're telling me that the fact alone that the video shows that no Walmart personnel walked through that aisle for an hour is enough for constructive notice, if you can't tell me whether the water was there or not? Don't we need to know when the water spilled in order for us to be able to determine that the defendants would have had an opportunity and should have had an opportunity to traverse the area in question and find the particular spill?

I mean you're telling me now, just the fact that there's a video and there is no sign of somebody walking through from Walmart, that alone is enough to establish constructive notice?

MR. PISANO: Well, Your Honor, I am in no way going

to engage in debating the law, but, Your Honor, respectfully, I believe that's exactly the law that I can't -- Your Honor, God forbid --

THE COURT: Do you cite a case? Did you cite a case?

MR. PISANO: It's right here --

THE COURT: -- wait -- that it's failure of Walmart, or failure of any company or any establishment to have someone walking the aisles, like, in particular intervals of time is enough to establish constructive notice to a defendant?

MR. PISANO: Yes, Your Honor. I thank the Court for steering me towards *Saunders*, but it really puts the legwork -- it's a 17-page ruling, citing all the legal precedent -- on -- respectfully, I think what Your Honor is saying, essentially nobody would have a claim in a slip and fall in a cereal aisle unless they could have an affidavit from somebody as to when the specific spill occurred, which couldn't exist from a commonsense standpoint.

And *Saunders* fleshes out detail and when they rule against the plaintiff they talk about what he didn't have that this plaintiff has.

We have a video --

THE COURT: Are you sure you're looking at *Saunders*? Because I'm not seeing where you say *Saunders* supports your position.

MR. PISANO: Thank you, Judge. I would ask the Court

 to go to the section deemed "constructive notice" where they spend the legwork on it.

Again, it says here -- they talk about actual notice, we're not going to waste time on that. Obviously, this is an actual notice case. The next question is whether defendant had constructive notice of, in that case it was a leak. It talks about a reasonable opportunity to discover and either eliminate or warn of the hazard. It doesn't talk about plaintiff having to say that water was spilled at 2:00 p.m. and I fell at 3:10. Obviously, a plaintiff wouldn't have that knowledge.

It talks about a reasonable opportunity. And expiration over an hour, in my opinion, Your Honor, means that the reasonable opportunity has lapsed. They have a duty --

THE COURT: But you're assuming the water was there for an hour.

MR. PISANO: Well, the video --

THE COURT: You're making an assumption -- you can't see that the water is there for the entire hour. You don't see much from that video. That's one of the reasons that I told, obviously, counsel for the defendant, Mr. Cottrell, not to spend a lot of time.

He was trying to argue that it happened within 30 seconds of the video, when the woman shakes her foot, which I saw on the video. I don't think that is dispositive either

way. I don't think it establishes that that's when the spill -- or that the spill, somehow the spill happened right then and there in her cart. It doesn't tell us that much. I'm not sure her shaking her foot like that necessarily says that that's when the spill occurred.

Just by saying that the durational period of the video supports that they had constructive notice because nobody walked through to see that water, that's assuming that the water happened -- that the water was there during that entire durational period of the video, and I think that that's a leap.

MR. PISANO: Well, Your Honor, I think what Your Honor is saying is that if the video showed that a child sprayed a bottle 10 minutes before the fall, plaintiff clearly should not have a claim.

If the video showed that one of those two patrons around that cart spilled it, and 10 to 15 minutes passed and the accident occurred, clearly, plaintiff should have a claim. But it doesn't show that, Your Honor.

So it leaves us with the constructive notice imposition to Walmart, which is a duty to continue to inspect, and they clearly are breaching that because no Walmart employee comes through at any time. And they're duty-bound under legal precedent to continuously inspect their premises for hazards to patrons. There's nothing to show they went.

And yes, I concede, Your Honor and I are in accord on the law. But we need to find that moment where somebody makes that mistake and just has no respect for somebody else that could slip or fall on spills, and that doesn't occur. We just do not see that on the video.

THE COURT: Let's play the other angle of that. What if the water did come from those patrons that had the cart above it, and when she shook her leg that is when the water spilled? We don't have any proof of that either, but let's do it hypothetically then, and let's follow, then, Mr. Cottrell's rationale that it spilled when they had something from their cart spilled out.

Is it fair to then say that Walmart had constructive notice at that very second, when it was about 30 seconds from when that cart left and the plaintiff came around that aisle? Is that enough? I think at some point there has to be a theory by you, an argument by you, as to when that water was there, how long it was there, and then they failed to, obviously, inspect and monitor the areas in question.

But you have nothing in the record right now to tell me where that water came from, how long it was there, whether it was there for any prolonged period. All you're citing to is the video?

MR. PISANO: Your Honor, I can only cite to the evidence that exists. And again, respectfully, what Your

Honor is expecting of a plaintiff is that they know the source of the hazard, which is not the law.

All that a plaintiff can do is undertake discovery to see if the reasonable opportunity to discover standard has been breached that triggers constructive notice. That's been breached here. There is no -- for at least an hour. They turned over a video. We don't know how long that video could be. It could be three hours. They show a video that, for well over an hour, no Walmart employee inspected and there was water on the floor.

Now, and I keep repeating myself and I think Your Honor and I are in total agreement that we saw that lady spill that. The only way the claim would sustain itself is if an employee was standing there and saw it and said, Hey, everybody step back, I have to clean this, and cordoned it off, which wouldn't be the case. There would be a contemporaneous need to address it if it happened in the presence of a Walmart employee.

Here, well more than an hour goes by where they never inspect and there's no evidence before the Court that this was suddenly spilled. If the video showed some moron spilling it into the aisle, I mean that's where she fell, clearly this wouldn't be a claim. But we don't have that evidence.

I hear what Your Honor is saying, but Mr. Cottrell cannot point to anything that shows somebody spilling this

 contemporaneously or even give or take 20 minutes before she fell. But all of the legal precedent talks in terms of reasonable time. An hour is clearly an inappropriate length of time to not have somebody coming down the aisles.

I remind the Court, this lady has serious injuries and substantial medical expenses that followed this, with a significant injury. I don't know what more to add, Your Honor.

I think *Saunders* is very -- it's a treatise on this case. I'm sure Your Honor studied it. Perhaps Your Honor will take another sweep through it. But it's very detailed. And no point in the Court spending any time on mode-of-operation because this isn't a mode-of-operation case. This is a constructive notice case and that video sustains plaintiff's burden.

Thank you, Judge.

THE COURT: All right. Let me hear from you, Mr. Cottrell.

What's your position with respect to the video that, now, counsel says is his best evidence; it's his best evidence because it shows that for an hour there were no Walmart employees walking in this main aisle. And for purposes of the context of what we're talking about, these aren't, sort of, the aisles where you go through and get -- you can -- obviously, there are things placed at the end of each of the

aisles. But this is almost, he would argue, and I could see, it's almost the way that many of the customers walk through the store to get to the particular aisles they're trying to reach. So it's probably a main thoroughfare.

But he says the fact that there are no Walmart employees walking and inspecting this main aisle is proof positive that there was a period of time in which you could have discovered the water, the substance, and corrections could have been taken before the plaintiff fell.

What do you say with respect to constructive notice, which counsel is now conceding that's the whole point of the case; it's now a constructive notice case?

MR. COTTRELL: Well, plaintiff has the burden of proof of establishing constructive notice. And that's a consistent bridge to all the cases and law. It's certainly in the cases that the Court cited, including *Saunders*.

If I follow plaintiff's reasoning, what he's saying is, well, you have an hour of video before the accident and because you, Walmart, can't show how -- that this water hazard was created, an insufficient time to establish constructive notice, enough time for the store to discover in the exercise of reasonable care that the water was there, that I satisfy my burden. And that plainly isn't the law. The burden of proof remains on the plaintiff to show how long that water was there.

You know, the law has never recognized that the defendant has the obligation to show inspections at any given time leading up to the accident. And that's for very good reason. If the store had a protocol to inspect every five minutes, this water could have spilled four minutes before the accident or some interval of time.

So the burden of proof always rests with the plaintiff to show how long that water was there. And from past experience, it could be satisfied by any number of ways, you know, by showing tracking through the water, dirt in it, you know, some drying, and none of that is present here.

Counsel is suggesting it's almost unfair to the plaintiff, but this is something that plaintiffs' attorneys establish every day of the week in the different courts with regard to constructive notice.

The bottom line is, proof of constructive notice is thoroughly absent here.

THE COURT: What I think is thoroughly absent here is, really, a theory of the case from the plaintiff's perspective and a lack of citation to anything.

Listen, clearly, I'm reading *Saunders*. "The question of timing that matters is how long the dangerous condition itself was present." See *Parmenter v. Jarvis Drug Store, Inc.* 138 A.2d. 548-550 (N.J. Superior Court App. Div. 1957).

"Without evidence of how fast water leaked from the

broken bottles, a jury cannot reasonably infer how long the puddle existed based solely on the puddle's size. *Saunders*' negligence claim thus fails because she in that case cannot establish that Walmart had notice of the spill."

I mean there seems to be an obligation that the plaintiff, which is the burden on the plaintiff to say when the defendant had noticed, either constructive notice or actual notice -- we're dealing with constructive notice -- that there was a spill. And there is absolutely -- discovery is done. I assume, they could have had an opportunity to discover when and how that spill occurred. I don't have anything. We're not going to go back and redo discovery. It is what it is.

The video says that no one walked there for an hour, but it doesn't tell us, really, when that water was there and for how long it was there. I think that to argue now, without citing to company policy, Walmart policy, deposition, something, to say that they have an obligation to walk through these aisles every X amount of time, every Y amount of time. There's not even that theory in the case. This is sort of evolving.

At some point, Mr. Pisano, you were arguing mode -- it was your opposition, you know. I appreciate you now, as an officer of the court, coming forward and saying, All right, Judge, we're not in mode-of-operation rule. But that was an

argument you made. And now we've sort of, we're going into a new argument, which is now the length of video itself establishes at least enough to get you past summary judgment because it's not important when the spill occurred, it's just the length of time that the defendant failed to put in precautions or a precautionary measures to ensure that the location and the aisle was safe.

I don't see that law. I'd love for you to cite to a case that has held that it wasn't important when the spill happened but only that the defendant failed to walk within a reasonable period through the location to determine when and if there was a hazardous condition that needed to be contended with.

I don't have that law. I've researched it. I haven't seen it. I'm not trying to be difficult here, but I think there's always been an obligation and a duty and a burden on the plaintiff to establish when the defendant had constructive notice of the condition. And there's been a series of cases where they cite to, perhaps, in one case I read the puddle itself was very dirty, which seemed to suggest that a lot of people had walked through it and passed through it, and it was a particularly -- it had been there for a while. There's arguments that are made with respect to when the spill or how the spill occurred or how long it was there.

All I have you arguing now is that there's a video

 that shows, for an hour, no Walmart personnel were present in the area. That's the best that you're arguing and I'm not sure that's enough to get you past the goal line.

MR. PISANO: The only thing, respectfully, Your Honor, I just want to make the record clear, that my arguments do not come as any surprise.

In my letter brief it specifically says, A video clearly establishes that there was no personnel from within Walmart that rotates through the area of the heavily travelled main aisle during the hour preceding plaintiff's fall. This is a busy, heavily trafficked area.

I just ask Your Honor -- I can't cite any more than the specific case. And in the case where the plaintiff fails, she says it takes from 5 to 10 minutes for them to come to my aid after I fall on the floor. And she relies on that as evidence that they're breaching their duty to inspect, which is a silly folly to even suggest you can hold up the claim on that basis.

Here, if there was a video, the ruling could be otherwise. We have a one-hour video showing in no way are personnel inspecting.

Your Honor is asking -- you're asking of a plaintiff to show the Court when that child spilled that bottle. Respectfully, that's not the law.

*Saunders* does say and talk in terms of reasonable

timeliness and corroborative evidence. I have the corroborative evidence.

I'll respect whatever ruling Your Honor makes, but I believe I meet the burden. And I did not just argue *Nisivoccia*. I specifically talked about constructive notice in my brief and the import of that video for over an hour.

Thank you, Judge. I have nothing to add.

THE COURT: I will also call your attention to *Cordasco v. Walgreen*. In that particular case -- that's a 2011 case -- no constructive notice because plaintiff had no idea where the substance on the floor came from, how long it had been there or whether any Walgreen employee knew about it prior to her fall. That's Cordasco, Westlaw 5118996 at *3.

We definitely have cases that are saying the obligation remains on the plaintiff to tell us where the substance came from, how long it was there. And you're saying that the obligation is -- you fulfill your obligation.

I'm going to want to hear from Mr. Cottrell now.

But is the video alone, showing that no Walmart employee walked through that aisle for over an hour, is that enough to show or establish constructive notice?

Mr. Cottrell.

MR. COTTRELL: No, Your Honor. There's no cases that shift that burden of proof to the defendant or say just because you didn't inspect, then plaintiff satisfies the

Case: 23-1287 Document: 21 Page: 116 Date Filed: 07/09/2023

burden of showing constructive notice. It's just a foreign concept to New Jersey law.

THE COURT: You know, obviously, we have a video. And there wasn't any discovery that I can see, any arguments as to when this spill occurred. I think there's an obligation that, you know, that -- you can even argue, rather, that constructive notice can be inferred from circumstantial evidence of the length of time that the hazard existed. And that, I'm looking at *Parmenter*, noting -- that was the case I referenced earlier -- noting that the dirtiness of the water tended to be corroborative of the length of time it laid on the floor.

You have another case that shows -- I'm going to spell it, *E-L-Z-O-G-B-Y* -- *Elzogby v. Target*, that's from 2019, finding that the plaintiff had failed to establish constructive notice because she could not cite to any circumstantial evidence or even the video -- in this case, nor any video evidence to corroborate how long the water was on the floor.

We have a video. Yes, we do have a video, but it doesn't speak to how long the water was on the floor.

Counsel wants me to assume that the water was on the floor for the entire hour that the Walmart employee didn't walk past it. I don't know if that's a fair assumption for the Court to make. I think the burden does fall on the

plaintiff to at least establish when -- by some evidence -- how long it was there. And just citing to an hour video doesn't really support, I think, the burden that the plaintiff has.

MR. PISANO: If I may, on the *Cordasco* ruling, Your Honor, and I thank you. But, Your Honor, I just want the Court to understand that that plaintiff foolishly suggested it was a mode-of-operation case.

She was a lady that came in in haste, wanted to pick up panty hose, in an area that has nothing to do with the ongoing activity that should have been closely monitored, the salad bar being the standard illustration, like in *Nisivoccia*.

This is a lady who is in haste, coming in to pick up pantyhose and is departing rapidly. She offers no evidence as to time lines and a breach of a duty to inspect, and, of course, or inexplicably suggested she should casually get to the jury on mode-of-operation. We're not suggesting that here.

I don't know -- I don't know if Your Honor is saying it triggered in an hour and 15 minutes showing that they didn't inspect, I'm saying that video meets the plaintiff's burden because it shows they're not inspecting and that the water, of course, would have been found if they were adhering to a duty-to-inspect standard which is laid out in detail.

THE COURT: For Walmart, what's the duty? Do you

have anything in the record that says that there was a duty to inspect hourly? Is there anything about the duty to inspect and when it should be done, in the record?

MR. PISANO: Your Honor, I can't spot-on cite three to four cases, but they talk in detail --

THE COURT: I'm not asking about cases, Counsel. You were the plaintiff in this case. I'm asking you, in discovery, did you have anything from Walmart, handbooks, policies, company policies, saying that they should have been inspecting those on an hourly basis, on a 15-minute basis, on a 20-minute basis?

The fact is that you're saying they weren't there for the hour, and not establishing that the water was there. But if you want to take your theory now, they didn't walk it for an hour and that alone establishes that they could have discovered the hazardous condition -- in discovery, did you pursue the handbooks or policies, or industry practices and customs to say, you know what, they should have been walking through that every 20 minutes or every 15 minutes? Is there anything in the record about that?

MR. PISANO: Your Honor, we served a notice to produce but no protocols and records have ever been provided. But Your Honor's essentially saying that Walmart gets to declare their standard. If they declare two hours and people are slipping and falling, and just because we said two hours

and they're trying to get money on inspection protocols we should win our case. I don't see that as a well-reasoned application of law.

THE COURT: That's not what I'm saying. I'm saying that you can't just say that they didn't walk one hour there, so that alone establishes constructive notice.

MR. PISANO: Judge, I don't want to argue with the Court. I'm actually enjoying the intellectual banter here, but, Your Honor, that's negligence. Negligence is something that goes to a jury. It's a very hazy scenario. And negligence is something where, if a jury feels that a breach of duty has occurred, damages follow.

And it's very likely when a jury sees that there has been no -- because under a notice in lieu of subpoena, the manager of that department is going to come in and have to testify: Who, if anybody, did you have inspect that aisle? He says, I didn't have anybody look for an hour. The jury is going to very quickly conclude, why weren't they spending the time to walk those aisles and double-check? That poor lady fell and these has kinds of injuries? So I really don't know what more can be expected from a plaintiff here.

The video shows they weren't going through that aisle for, easily, an hour. And a jury could very reasonably conclude that they breached an obligation to that lady and other shoppers.

Thank you, Judge.

THE COURT: All right. I appreciate counsel's argument.

Mr. Cottrell, you get the last word here.

Is this a case that should survive summary judgment? Has there been a genuine issue of material fact established? Is there, now, a genuine issue of whether the water was there for an hour, whether the defendant's failure to inspect the area for over an hour allows this case to move forward? Is this a constructive notice, at least of reasonable doubt here, in terms of what was there or not there? Is it enough to, at this point, permit the case to move forward to trial?

MR. COTTRELL: No, Your Honor. And just to take the situation that Mr. Pisano just posited of a jury trial, the jury is going to be charged with the elements of the negligence claim, including the element of notice. This record, the jury is only going to be asked to speculate of how long that water could have been there, which is not permitted, and, therefore, the case can't go to the jury. There's no question of fact and summary judgment must be granted.

THE COURT: All right. I'm going to go back and just inspect the video one more time. I want to look at these cases again. I obviously presented those cases to counsel during our last argument, which counsel was unable to attend. So I know very well the cases, I've read the cases, and I will

review them and make a determination.

I'd ask that counsel get the transcript of my oral ruling when it is up.

Thank you very much.

MR. COTTRELL: Thank you, Your Honor.

MR. PISANO: Thank you, Your Honor.

(Proceedings concluded at 4:23 p.m.)

\- - - - - - - - - - - - - - -

FEDERAL OFFICIAL COURT REPORTER'S CERTIFICATE

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/S/ Mary Jo Monteleone, RMR, CCR, CRCR
Official Court Reporter

01/12/2023
Date

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

PATRICIA POLIT-BAQUERO,

Plaintiff,

v.

WALMART,

Defendant.

CIVIL ACTION NUMBER:

2:18-cv-13407-ES

OPINION

Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101
Wednesday, January 18, 2023

B E F O R E: THE HONORABLE ESTHER SALAS,
UNITED STATES DISTRICT JUDGE

Mary Jo Monteleone, Official Court Reporter
maryjomonteleone@gmail.com
(973) 580-5262

Proceedings recorded by stenographically;
transcript produced by computer-aided transcription.

(PROCEEDINGS held before **The Honorable ESTHER SALAS,** United States District Judge.)

THE COURT: We are on the record in the matter of *Polit-Baquero v. Walmart*, Civil Action Number 18-13407. Before the Court is Defendant Walmart's motion for summary judgment on Plaintiff's sole negligence claim brought in her Complaint pursuant to Federal Rule of Civil Procedure 56(a). (Docket Entry Number 44). The Court held oral argument on December 8, 2022. (Docket Entry Number 54 ("Transcript")). I have considered the parties' written submissions and oral arguments, and I am now prepared to rule.

In short, on or about August 18, 2018 Plaintiff slipped and fell in Defendant's store located at 900 Springfield Road, Union, New Jersey. (Docket Entry Number 1-2 ("Complaint") ¶¶ 1-2; Docket Entry Number 28-1 ¶ 5). She brings one count for negligence, alleging that she sustained serious and permanent injuries as a result of the fall and that she will continue to suffer in the future. (Complaint ¶ 5).

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The mere existence of an alleged disputed fact is not enough. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 24748 (1986). Rather, the

opposing party must prove that there is a genuine dispute of a material fact. *Id.* An issue of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. A fact is "material" if under the governing substantive law, a dispute about the fact might affect the outcome of the lawsuit. *Id.* Factual disputes that are irrelevant or unnecessary will not preclude summary judgment. *Id.*

On a summary judgment motion, the moving party must first show that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If a party who bears the ultimate burden of proof at trial has failed "to make a showing sufficient to establish the existence of an element essential to that party's case" there can be no genuine issue of material fact, and summary judgment against that party is appropriate. *Id.* at 32223. After the moving party has met its initial burden, therefore, the burden shifts to the nonmoving party to present evidence that a genuine issue of material fact compels a trial, including by demonstrating that she can "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 323.

To meet this burden, the nonmoving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material

facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 58687 (1986). Thus, the nonmoving party cannot rely on unsupported assertions, bare allegations, or speculation to defeat summary judgment. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995). The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the nonmoving party. *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

The elements of a claim for negligence in New Jersey are: (I) a duty of care, (ii) a breach of that duty, (iii) proximate cause, and (iv) actual damages. *Townsend v. Pierre*, 110 A.3d 52, 61 (N.J. 2015) (citing *Polzo v. Cnty. of Essex*, 960 A.2d 375 (N.J. 2008)). "Business owners owe to invitees a duty of reasonable or due care to provide a safe environment for doing that which is within the scope of the invitation." *Nisivoccia v. Glass Gardens, Inc.*, 818 A.2d 314, 316 (N.J. 2003) (citations omitted). This includes a duty "to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe." *Id.* In proving that a business owner breached its duty of care to an invitee, a plaintiff must prove that the defendant had actual or constructive notice of the dangerous condition that caused the accident. *Prioleau v. Kentucky Fried Chicken, Inc.*, 122 A.3d 328, 335 (N.J. 2015). "The absence of [actual or constructive] notice

is fatal to plaintiff's claims.” *Arroyo v. Durling Realty, LLC*, 78 A.3d 584, 586 (N.J. Super. Ct. App. Div. 2013) (quotation marks and citations omitted).

“A defendant has constructive notice when the condition existed 'for such a length of time as reasonably to have resulted in knowledge and correction had the defendant been reasonably diligent.'” *Troupe v. Burlington Coat Factory Warehouse Corp.*, 129 A.3d 1111, 1114 (N.J. Super. Ct. App. Div. 2016) (quoting *Parmenter v. Jarvis Drug Stores, Inc.*, 138 A.2d 548, 550 (N.J. Super. Ct. App. Div. 1957)). “The mere existence of an alleged dangerous condition is not constructive notice of it.” *Arroyo*, 78 A.3d at 586. However, constructive notice can be inferred from circumstantial evidence of the length of time the hazard existed. *See Parmenter*, 138 A.2d at 550 (finding sufficient evidence to create a question for the jury regarding whether defendant had constructive notice in a slip and fall case in part because the “dirtiness of the water tended to be corroborative of the length of time it lay on the floor”).

Typically, the question of whether the hazard “had lasted for such a period of time that reasonable attention thereto would have both apprised defendant of the danger to its invitees and led to the remedying thereof” is left for a jury. *Parmenter*, 138 A.2d at 550. However, if a plaintiff cannot establish any facts indicating “how long the dangerous

condition itself was present," she cannot prove constructive

notice. *Saunders v. Wal-Mart Stores Inc.*, No. 21-1941, 2022

WL 832050, at *2 (3d Cir. Mar. 21, 2022) (nonbinding

precedent) (emphasis omitted) (citing *Parmenter*, 138 A.2d at

550); *see also Goldsack v. Wal-Mart Stores, Inc.*, No. 16-5354,

2018 WL 4300124, at *23 (D.N.J. Sept. 6, 2018) (granting

summary judgment for defendant and finding that "a reasonable

jury could not find that [defendant] had constructive notice

of the water on its floor" due in part to "the lack of

evidence that the water was on the floor for a prolonged

period of time"); *Elzogby v. Target Corp.*, No. 16-4013, 2019

WL 3886940, at *3 (D.N.J. Aug. 19, 2019) (finding that

Plaintiff had failed to establish constructive notice because

she could cite to no characteristics of the water nor any

"video evidence to corroborate" how long the water was on the

floor).

       The Court finds that Defendant has sustained its

initial burden on its motion for summary judgment.  Plaintiff

contends that Defendant had constructive notice of the spill

that allegedly caused her fall.  Defendant argues that the

security camera footage from August 18, 2018 -- the day of the

incident -- definitively demonstrates that the spill occurred

and was observable within thirty seconds of Plaintiff's fall.

(Docket Entry Number 28-2 at 12).  Defendant contends that

thirty seconds is too short an interval to give Defendant

constructive notice of the spill as a matter of law. (*Id.*). Defendant alternatively argues that "Plaintiff has not provided any evidence that Walmart knew of the condition or that the condition existed for a sufficient period of time to afford Defendant a reasonable opportunity to discover it prior to Plaintiff's fall." (Docket Entry Number 30 at 3). Specifically, Defendant argues that "[n]o evidence has been propounded by Plaintiff that shows the liquid was visible, apparent and existed for a sufficient length of time prior to Plaintiff's accident. No testimony was provided that anyone complained before the accident, that there was water on the floor, nor was any evidence presented that other patrons had slipped." (*Id.*). At oral argument, Defendant argued that Plaintiff has failed to meet her burden of establishing how long the spill existed prior to her fall. (*See* Transcript at 18:7-17). And at oral argument Plaintiff conceded that there is insufficient evidence in the record to establish the timing of the spill. (*See Id.* at 13:12-19; 14:24; 15:23). Plaintiff argued instead that the security camera footage definitively establishes that none of Defendant's employees were monitoring the aisle in which Plaintiff fell for at least an hour prior to her fall. Plaintiff contends that this fact alone establishes Defendant's negligence. (*See Id.* at 10:17; 15:8-10; 26:22-25).

Though it is true that businesses have a duty "to

discover and eliminate dangerous conditions, to maintain the

premises in safe condition, and to avoid creating conditions

that would render the premises unsafe," this lays out the

contours of the duty of care the -- first element of a

negligence claim. *Nisivoccia*, 818 A.2d at 316 (citations

omitted).  In proving the second element of a negligence

claim -- a breach of that duty -- Plaintiff is obliged to

prove that Defendant had actual or constructive notice of the

hazard that caused her injury.  Failing to do so is "fatal" to

a negligence claim.  *Arroyo*, 78 A.3d at 586.  Plaintiff does

not contend that Defendant had actual notice of the spill.

(Transcript at 12:35).  And though Plaintiff initially argued

in her Opposition that the mode-of-operation doctrine relieved

her of the burden of proving constructive notice (*see* Docket

Entry Number 46-1), Plaintiff withdrew this argument at oral

argument (Transcript at 5:17-6:5 ("I'm going to stipulate this

is not a mode-of-operation case.")).  Accordingly, Plaintiff

bears the burden of proving constructive notice.  Since

Plaintiff here has failed to proffer sufficient evidence that

Defendant Walmart had constructive notice of the spill, the

Court grants summary judgment for Defendant.

First, Plaintiff argues that it is not her burden to

prove when the spill occurred, and that requiring a plaintiff

to do so would be unduly burdensome.  (*Id.* at 9:12-16).

According to Plaintiff, constructive notice may be shown

through evidence that Defendant failed to inspect a high traffic aisle over the course of an hour, irrespective of when the spill occurred. (*Id.* at 21:7-21). But Plaintiff must demonstrate that Defendant should have known about and corrected the spill prior to her fall to prove Defendant was on constructive notice of the hazard. *Troupe*, 129 A.3d at 1114. Without any indication of when the spill occurred, no fact finder can determine whether, as Plaintiff argues, had Defendant's employees been more diligent in inspecting the aisle they would have discovered the spill and prevented Plaintiff's fall. *See Saunders*, 2022 WL 832050, at *2.

In assessing whether a defendant's failure to inspect an aisle and discover a hazardous condition over a given amount of time is sufficient to establish constructive notice, courts in this District have considered (i) the amount of time elapsed from the creation of the hazard to the injury, (ii) the characteristics of the aisle, (iii) the characteristics of the hazard, and (iv) defendant's inspection policies. *See Garcia v. Walmart Inc.*, No. 17-03118, 2021 WL 754006, at *6 (D.N.J. Feb. 26, 2021); *McCraken v. Target Corp.*, No. 09-4816, 2011 WL 1466075, at *4 (D.N.J. April 18, 2011); *Melendez v. Target Corp.*, No. 18-09405, 2022 WL 1617709, at *10 (D.N.J. May 23, 2022). In each of these cases there was some evidence of the timing and/or source of the hazard, which created a question for the jury. *See, e.g.*, *Yazujian v. PetSmart*, No.

13-06202, 2016 WL 4408817, at *9 (D.N.J. Aug. 16, 2016) ("The period of time sufficient to prove a defendant's constructive knowledge also depends on the characteristics of and surrounding the dangerous condition."); *Cuzco v. Wal-Mart Stores, Inc.*, No. 17-07125, 2022 WL 4300183, at *5 (D.N.J. Sept. 19, 2022) (denying summary judgment and considering that though video footage evidence suggested the spill occurred approximately two minutes before the fall, a jury could find constructive notice since the aisle was likely to be busy, "safety sweeps should be conducted with greater frequency" in the aisle, and "the type of item at issue, fabric softener, is prone to spills").

The Court finds the present case distinguishable because the only "characteristic[] of and surrounding the dangerous condition" for the Court to consider is evidence that Defendant failed to inspect a high traffic aisle for over an hour. *Yazujian*, 2016 WL 4408817, at *9. There is no evidence of the timing of the spill, the source of the spill, whether a spill was likely to occur, or whether the aisle was one in which spills often occurred. *See Choi v. Costco Wholesale Corp.*, No. 19-17916, 2022 WL 17448816, at *3 (D.N.J. Dec. 6, 2022), *appeal filed*, No. 22-3329 (3d Cir. Dec. 12, 2022) ("Apart from pure speculation, there is no basis for a jury to determine how long the substance existed on the floor prior to the fall and whether that was a sufficient length of

time that [defendant] should reasonably have known of the condition."); *Melendez*, 2022 WL 1617709, at *10 (finding that five-minutes was too short an interval to create constructive notice notwithstanding the "high traffic" nature of the aisle because there was no evidence that "patrons either congregate in the area or that the area [wa]s prone to spills"); *Teixeira v. Walmart Stores, Inc.*, No. 18-13103, 2021 WL 4272828, at *5 (D.N.J. Sept. 16, 2021) (granting defendant's motion for summary judgment because there was "no evidence of how long the spill had been on the floor" nor "additional facts that could lead to an inference that [defendant] nevertheless had constructive notice" such as evidence that inclement weather had brought water into the store, "that an employee was present in the area immediately before [plaintiff's] fall," or that the aisle "is a highly trafficked or particularly dangerous part of the store"). Though here Plaintiff points to evidence that Defendant failed to inspect a high traffic aisle over the course of an hour, no jury can assess whether the interval between the spill and Plaintiff's fall was sufficient to put Defendant on constructive notice without any indication of when the spill occurred, of what caused the spill, of Defendant's inspection policies, of whether Defendant's employees were nearby the spill, or whether the aisle was prone to spills. *See Cordasco v. Walgreen Co.*, No. L-7187-09, 2011 WL 5118996, at *3 (N.J. Super. Ct. App. Div.

Oct. 31, 2011) (affirming grant of summary judgment for
defendant because plaintiff "ha[d] no idea where the substance
on the floor came from, how long it had been there, or whether
any Walgreen employee knew about it prior to her fall").

        Second, though video evidence corroborating when the
spill occurred may help to establish constructive notice,
video evidence of Defendant's inspection practices, or lack
thereof, does not on its own suffice to establish constructive
notice.  At oral argument, Plaintiff cited to the decision in
*Saunders v. Wal-Mart Stores Inc. et.al.* From the District of
New Jersey, which was later affirmed by the Third Circuit.
No. 17-03051, at 1 (D.N.J. May 6, 2021); *Saunders v. Wal-Mart
Stores Inc.*, No. 21-1941, 2022 WL 832050, at *1 (3d Cir. Mar.
21, 2022).  Plaintiff argued that the district court's opinion
in that case favored a ruling in Plaintiff's favor because, in
finding that the plaintiff in *Saunders* had not proffered
sufficient evidence to create a genuine dispute of material
fact as to constructive notice, the district court considered
that the plaintiff "has not presented maintenance logs, store
policies, or video surveillance that suggests Wal-Mart should
have known about the water spill before her fall."  (*See*
Transcript at 7:17-20); *Saunders*, No. 17-03051, at 14.
Plaintiff argued that, here, in contrast, she can proffer
video surveillance that shows that Defendant failed to inspect
a high traffic aisle over the course of an hour.  (*See*

Case: 23-1287 Document: 21 Page: 134 Date Filed: 07/09/2023

Transcript at 7:2-6; 8:25-10:12). But -- as Plaintiff pointed out (*Id.* at 8:259:2) -- the district court in *Saunders* explained that "[i]n order for [constructive notice] to be decided by a jury, there must be some evidence to allow a factfinder to conclude that the water was on the floor for an unreasonable period of time before the accident occurred." *Saunders*, No. 17-03051, at 14. The district court pointed to "maintenance logs, store policies, [and] video surveillance" as examples of where this evidence could come from. *Id.* The district court's decision does not stand for the proposition -- as Plaintiff suggests -- that video evidence of a defendant's failure to inspect an area over a prolonged period of time, without any evidence of when the hazard was created, is sufficient to create a question for the jury whether the defendant had constructive notice of the hazard. Accordingly, Plaintiff's reliance on the district court's decision in *Saunders* is unavailing.

*Elzogby*, 2019 WL 3886840 is also instructive on this point. In that case, the plaintiff argued that the defendant business -- Target -- should have been aware of the spill that caused her fall because it had cameras monitoring the store. *Elzogby*, 2019 WL 3886840, at *3. The district court rejected that argument and granted summary judgment in favor of the defendant, finding that the plaintiff had failed to establish constructive notice. *Id.* The district court considered that

"[t]here is no evidence that anyone but [plaintiff] saw the water on the floor," that the characteristics of the water did not suggest it had been on the floor for long before plaintiff fell, and that there was no "video evidence to corroborate a liquid water was on the floor for a length of time prior to [plaintiff's] fall." *Id.* (citations omitted). Here, Defendant argues that the security camera footage shows the spill occurring within thirty seconds of the fall. Having viewed the video, and as discussed at oral argument, this Court disagrees, and finds that the footage does not establish anything about how long the spill existed before Plaintiff slipped.

The timing of the spill is a "key factor in [determining] whether Defendant had constructive notice" of the spill. *Melendez*, 2022 WL 1617709, at *9. Though the Court agrees that the security camera footage establishes that none of Defendant's employees inspected a high traffic aisle for a prolonged period of time, without more -- such as evidence of timing of the spill, the source of the spill, Defendant's inspection policies, or the likelihood of a spill of that kind in that aisle -- no jury can determine whether the interval between the spill and Plaintiff's fall was long enough "to have resulted in knowledge and correction," in other words, to put Defendant on constructive notice of the spill. *Troupe*, 129 A.3d at 1114. "Owners of premises are

generally not liable for injuries caused by defects of which they had no actual or constructive notice and no reasonable opportunity to discover." *Id.* As such, Plaintiff has not established facts to support an essential element of her negligence claim, and, therefore, there can be no genuine issue of material fact. Accordingly, summary judgment in favor of Defendant is appropriate.

For the foregoing reasons, Defendant's motion for summary judgment is granted. An appropriate order accompanies the Court's decision.

(Proceedings concluded.)

\- - - - - - - - - - - - - - -

FEDERAL OFFICIAL COURT REPORTER'S CERTIFICATE

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/S/ Mary Jo Monteleone, RMR, CCR, CRCR
Official Court Reporter

01/18/2023
Date

**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

**PATRICIA POLIT-BAQUERO,**
**Plaintiff,**

**v.**

**WALMART,**
**Defendant.**

**Civil Action No.: 18-13407 (ES) (JSA)**

**ORDER**

**SALAS, DISTRICT JUDGE**

Before the Court is Defendant Walmart's motion for summary judgment on Plaintiff's sole claim for negligence against Defendant (D.E. No. 44); and the Court having considered the parties' submissions and oral arguments; and for the reasons stated on the record on December 8, 2022 and January 18, 2023;

IT IS on this 19th day of January 2023,

**ORDERED** that Defendant's motion for summary judgment (D.E. No. 44) is **GRANTED**.

**Esther Salas, U.S.D.J.**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Full Caption in District Court:

PATRICIA POLIT-BAQUERO,
(Plaintiff)

v.

WALMART,
(Defendant)

Docket No.: 18-13407 (ES) (JS)

Judge:

**Notice of Appeal to the U.S. Court of Appeals for the Third Circuit**

Notice is hereby given that PATRICIA POLIT-BAQUERO, Plaintiff-Appellant
(Named Party)
appeals to the United States Court of Appeals for the Third Circuit from

[ ] Judgment, [x] Order, [ ] Other ______
(Specify)
of the United States District Court, District of New Jersey, entered in this action on

January 19, 2023 [copy attached].
(Date)

Dated: February 13, 2023

/s/ John J. Pisano
Appellant
JOHN J. PISANO, ESQ.
Attorney for Plaintiff-Appellant
Street
123 N. Union Avenue
P.O. Box 070616
City, State, Zip
(908) 272-3800
pisanoesq@aol.com
Telephone